UNITED STATES COURT OF APPEALS

**Filed 4/5/96**TENTH CIRCUIT

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 95-5076 |
| | ) | (D.C. No. 88-CR-57-B) |
| | ) | (N. Dist. Okla.) |
| GAYLE SCHREIER and IRWIN | ) | |
| SCHREIER, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

_____

ORDER AND JUDGMENT[*]
_____

Before HENRY, BRISCOE, and LUCERO, Circuit Judges.
_____

Gayle and Irwin Schreier appeal the district court's denial of their petition for writ of error coram nobis filed pursuant to the All Writs Act, 28 U.S.C. § 1651(a).  We affirm.

I.

Appellants were convicted of wire fraud in violation of 18 U.S.C. § 1343.  The government's theory of the case was that appellants accessed the American Airlines' computer reservation system and manipulated American's Frequent Flier AAdvantage Program to acquire mileage for fictitious persons.  Following their convictions on 26 counts of wire fraud, but before sentencing, appellants entered into an agreement with the government restricting the issues they could appeal.  In exchange, the government

_____

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

dismissed all but two counts of wire fraud involving Gayle Schreier and one count of wire fraud involving Irwin Schreier.  They appealed their convictions arguing the government did not prove wire fraud because it failed to show they acquired property belonging to American.  We affirmed, and appellants petitioned for writ of certiorari, which the Supreme Court denied.  United States v. Schreier, 908 F.2d 645 (10th Cir. 1990) (Schreier I), cert. denied, 498 U.S. 1069 (1991).  After completing their sentences, appellants filed the present petition for writ of error coram nobis, arguing, once again, that the government failed to prove wire fraud.  They now argue their convictions violated their constitutional right to due process of law.

## II.

Appellants contend the district court erred in denying their petition for writ of error coram nobis.  **"The writ of *coram nobis* is an 'extraordinary remedy,'** United States v. Morgan, 346 U.S. 502, 511, 74 S.Ct. 247, 252, 98 L.Ed. 248 (1954), available to a petitioner no longer in custody who seeks to vacate his conviction in circumstances where 'the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief.'"  United States v. Castro, 26 F.3d 557, 559 (5th Cir. 1994) (quoting United States v. Marcello, 876 F.2d 1147, 1154 (5th Cir. 1989)).  "Because the writ continues litigation after final judgment and exhaustion of other remedies, relief should be 'allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice.'"  Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989) (quoting United States v. Morgan, 346 U.S. 502, 511 (1954)).  "[T]he burden is on the petitioner to demonstrate that the asserted error is jurisdictional or constitutional and results in a complete miscarriage of justice."  Id.

2

Appellants argue the government failed to prove wire fraud; however, their appendix contains none of the trial exhibits and only approximately twenty pages of the trial transcript. In support of their argument, they rely solely upon their reading of Schreier I. As noted, in Schreier I, appellants argued the government failed to prove wire fraud because there was no evidence they acquired property belonging to American. We defined the question as whether appellants created a liability for American that did not otherwise exist. Although we acknowledged the record did not reflect whether the passengers from whom Gayle Schreier transferred mileage were AAdvantage members, we noted the passengers had not claimed the mileage, and concluded their travel had not yet created a liability for American. We rejected appellants' argument reasoning that "[t]he Schreiers' scheme involved the accumulation of mileage for which American would not otherwise be liable because it was not claimed by the passengers who actually flew." Schreier, 908 F.2d at 647.

In their petition, appellants specifically argued the government failed to produce evidence the passengers from whom they transferred mileage were not AAdvantage members. Their current argument is simply a refinement of their argument on direct appeal and their attempt to distinguish the two arguments is unpersuasive. As before, they are essentially arguing the government failed to prove wire fraud because it did not show they acquired American's property. This court has resolved this issue in favor of the government. Schreier I, 908 F.2d at 647. Appellants simply disagree with the result. Coram nobis relief is unavailable to relitigate issues already litigated. Klein, 880 F.2d at 254 n. 1. Cf. United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989) (explaining that absent intervening change in the law, issues disposed of on direct appeal will not be considered on a collateral attack with a motion under 28 U.S.C. § 2255). A petition for

3

writ of error coram nobis is not the proper vehicle to attain review of <u>Schreier I</u>.

### III.

Appellants have failed to carry their burden to obtain coram nobis relief by demonstrating a jurisdictional or constitutional error which results in a complete miscarriage of justice. We AFFIRM the district court's denial of appellants' petition for writ of error coram nobis.

Entered for the Court

Mary Beck Briscoe
Circuit Judge