**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 10 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GAYLE SCHREIER and IRWIN
SCHREIER,

    Defendant-Appellants.

No. 97-5101

(D.C. No. 88-CR-57-B)

(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before BALDOCK, MCKAY, and LUCERO, Circuit Judges.[**]

Defendants, Gayle and Irwin Schreier, appear before this court for the third time.

See United States v. Schreier, 908 F.2d 645 (10th Cir. 1990) (Schreier I); United States v.

Schreier, 81 F.3d 173, 1996 WL 159945 (10th Cir. 1996) (unpublished) (Schreier II). In

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     After examining the briefs and appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. 34.1.9. The case is therefore ordered submitted without oral argument.

this appeal, Defendants seek to revisit the precise issue decided in <u>Schreier II</u>, namely, whether the district court erroneously denied their request for a writ of coram nobis.[1] Specifically, Defendants contend that: (1) the government failed to present any evidence to prove essential elements of the crime charged; (2) Defendants were denied due process because their convictions were based "on wholly insufficient evidence"; and (3) the district court erred in summarily dismissing Defendants' petition.

We have reviewed the Defendants' prior appeals, the parties' briefs, including Defendants' reply brief, and the entire record before us. We conclude the district court committed no reversible error.

AFFIRMED.

Entered for the Court,

Bobby R. Baldock
Circuit Judge

---

[1] "The writ of coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate his conviction in circumstances where the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief." <u>United States v. Castro</u>, 26 F.3d 557, 559 (5th Cir. 1994) (citations omitted).