**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Carl Emmitt PRICHARD, Defendant–Appellant.**

**No. 87–2867.**

United States Court of Appeals, Tenth Circuit.

May 22, 1989.

---

5. Section 1397(c) states: "Compliance with any Federal motor vehicle safety standard issued under this subchapter does not exempt any person from any liability under common law." 15 U.S.C. § 1397(c) (1982).

**790**

Carl Emmitt Prichard, pro se.

Michael J. Norton, Acting U.S. Atty., James K. Bredar, Asst. U.S. Atty., Denver, Colo., for defendant-appellee.

Before LOGAN, EBEL, Circuit Judges, and COOK, Chief Judge.*

PER CURIAM.

Carl Emmitt Prichard was convicted following a bench trial of attempted bank robbery in violation of 18 U.S.C. § 2113(a). The conviction was affirmed on direct appeal. *See United States v. Prichard*, 781 F.2d 179 (10th Cir.1986). Prichard now ap-

---

* The Honorable H. Dale Cook, Chief Judge, United States District Court for the Northern District of Oklahoma, sitting by designation.

**1.** After examining the briefs and appellate record, this panel has determined unanimously

peals from an order of the district court denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255[1]. In the motion to vacate, which was filed with an accompanying memorandum brief, Prichard articulated his grounds for relief as follows:

(1) Rule 23(a), F.R.C.P. was violated to defendant's prejudice by the failure to comply therewith, thus, rendering defendant's waiver jury trial nonvoluntary, knowing and intelligent.

(2) Under the facts of this case, the application of the attempt statute to defendant's conduct was the constitutional violation, as "attempt" was unconstitutionally vague as applied.

(3) The district court misapplied the relevant legal standards in determining defendant's guilt.

On appeal Prichard has reasserted these grounds for relief and further asks for recusal of the district judge.

We have reviewed the record on appeal and the parties' appellate briefs, and we agree with the district court that Prichard has not demonstrated a basis for relief. The only issue justifying mention is the failure to reduce to writing Prichard's knowing acquiescence in waiver of his constitutional right to a jury trial as required under Fed.R.Crim.P. 23(a). Collateral relief is not available when all that is shown is a failure to comply with the formal requirements of a rule of criminal procedure in the absence of any indication that the defendant was prejudiced by the technical error. *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974). In this case there is no indication that the lack of a document memorializing Prichard's waiver of trial by jury resulted in anything less than a knowing, intelligent waiver.

We believe the other two issues raised in the motion to vacate were fairly

that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

encompassed in Prichard's direct appeal. *See Prichard,* 781 F.2d at 181-82. Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255. *United States v. Nolan,* 571 F.2d 528, 530 (10th Cir.1978). There is no new law applicable to Prichard's criminal conduct that would inure to his benefit.

Finally, recusal must be predicated on extrajudicial conduct. *Mayes v. Leipziger,* 729 F.2d 605, 607 (9th Cir.1984). Prichard's allegations of bias and prejudice against the district judge are based only on the district judge's prior judicial contacts with him. This is insufficient to support recusal.

Accordingly, the judgment of the United States District Court for the District of Colorado is AFFIRMED.