974 F.2d 1346
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Roderick LEWIS, Defendant-Appellant.
 No. 92-6025.
 United States Court of Appeals, Tenth Circuit.
 Aug. 17, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Roderick Lewis appeals the district court's denial of his motion for federal habeas corpus under 28 U.S.C. § 2255. Represented by paid counsel, Mr. Lewis contended below that the trial court erred by admitting the co-conspirator testimony of Chris Nero without requiring an independent prior foundation to show that Mr. Lewis and Mr. Nero were in fact part of the same conspiracy. On appeal, his attorney persists in this argument on the basis of the rule on admitting the out-of-court statements of co-conspirators, Fed.R.Evid. 801(d)(2)(E).
 
 
 3
 The rule, put simply, is just this: a court may admit out-of-court statements offered by a co-conspirator of the defendant if (1) the statement was made in furtherance of the conspiracy; and (2) the court finds prior to admitting the testimony that the declarant and nonoffering party were members of the same criminal conspiracy. Bourjaily v. United States, 483 U.S. 171, 175 (1987); Fed.R.Evid. 801(d)(2)(E). Most students of the law, as well as perhaps a number of casual observers, would probably perceive that a rule restricting the use of co-conspirator hearsay[1] would apply only in cases where there was, in fact, an out-of-court statement. Mr. Lewis's counsel, in contrast, loudly asserts his client's rights under the rule without citing a single instance of hearsay testimony.[2] His lengthy brief discussing the foundational requirement and necessary findings by the trial judge before co-conspirator hearsay is admitted is perhaps of some academic interest. Unfortunately, it is completely inapplicable to his client's trial and does not advance his cause in any way.
 
 
 4
 Mr. Lewis's counsel also appears confused by the procedural rules that govern federal habeas claims. There was no objection to Mr. Nero's testimony at trial on the basis urged today (of course, since there was no hearsay, there was nothing to object to ), and there is now some dispute as to whether Mr. Lewis raised the claim he pursues here on direct appeal. Both the district court and the government believe that Mr. Lewis's unsuccessful direct appeal on the ground of insufficiency of the evidence of conspiracy encompassed the same issue he now raises. They would therefore have us dismiss the claim under United States v. Pritchard, 875 F.2d 789 (10th Cir.1989). We think the co-conspirator hearsay claim before us now is materially different from the earlier insufficiency claim, and that it has not been raised before.
 
 
 5
 The government points out, correctly, that in order to challenge a trial error without having contemporaneously objected at trial, a defendant must show cause for failure to raise the issue earlier, and actual prejudice resulting from the alleged error. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Citing Henry v. Mississippi, 379 U.S. 443 (1965), defense counsel argues that he has shown cause for failing to raise the issue, because defendant did not deliberately by-pass it earlier. "Deliberate by-pass" has not been the law in the federal courts governing failure to object at trial since the Supreme Court decided Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977), 15 years ago.
 
 
 6
 Finally, we note that even if counsel pointed to any error in the order of proof cognizable at this late stage of proceedings, it would not have withstood our inquiry into prejudice, given the holding on appeal that the conviction was supported by sufficient evidence.
 
 
 7
 We AFFIRM the order of the district court.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Rule 801(c) defines "hearsay" as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 801(d)(2) lists five such statements, including those of co-conspirators, which comply with the definition of hearsay but which are declared non-hearsay because they are believed more reliable than ordinary hearsay. Although out-of-court statements by co-conspirators thus technically do not constitute hearsay within the meaning of the rule, we will nevertheless sometimes refer to such statements as "hearsay" for ease of description, as do other courts. See e.g., Bourjaily, 483 U.S. at 177-79 (assessing whether co-conspirator "hearsay" may be considered in determining existence of conspiracy and defendant's participation under Rule 801(d)(2)(E)); United States v. Caro, 965 F.2d 1548, (10th Cir.1992) ("Coconspirator's hearsay statements are properly admitted into evidence pursuant to Fed.R.Evid. 801(d)(2)(E)") (emphasis added)
 
 
 [2]
 The failure of citation is, in itself, not surprising, since our study of the record shows that Mr. Nero did not testify to any out-of-court statements by others. Rather, he testified to his own direct knowledge of events