13 F.3d 408
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dick WILSON, Defendant-Appellant.
 No. 92-3234.
 United States Court of Appeals, Tenth Circuit.
 Dec. 16, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Dick Wilson appeals his conviction on six counts of making false statements on Internal Revenue Service 1099 forms in violation of 18 U.S.C. 1001, and on three counts of making and subscribing to a false tax return in violation of 26 U.S.C. 7206(1). He contends that the trial court erred in finding he had waived his right to counsel and to a trial by jury, and that these errors deprived him of his constitutional rights. We affirm.
 
 I. BACKGROUND
 
 3
 In February, 1989, Wilson prepared and mailed false IRS forms 1099 showing payments to three government employees and three private attorneys. At the same time, he prepared, signed, and filed a false IRS form 1096. In April, 1989, and again in April, 1990, he signed and mailed false forms 1040 to the IRS Service Center in Austin.
 
 
 4
 Wilson first appeared before the magistrate judge on February 28, 1992, pursuant to Fed.R.Crim.P. 5. The judge advised Wilson of his rights regarding attorney representation. Wilson responded that he wanted to represent himself, but he also wanted someone to assist him. R. Supp. Vol. I, at 33-34, 36. Wilson indicated that he wanted to hire an attorney on his own, and agreed to tell the judge if he needed court-appointed counsel instead. Id. at 32, 35-38, 51. The judge continued the hearing to March 10, 1992, to allow Wilson time to hire an attorney of his own choosing. Id. at 37-39. On March 10, Wilson had not hired counsel, and the matter was continued once more to March 17, 1992. On March 17, the magistrate judge appointed Mr. Gregory Skinner of the Federal Public Defender's Office to represent Wilson. R. Vol. 1, Tab 14.
 
 
 5
 Prior to trial, Wilson filed ten pro se documents. Among other things, these disputed the court's jurisdiction, requested 120 days for discovery, and sought the names and social security numbers of all prospective jurors. Appointed counsel filed a motion in limine.
 
 
 6
 On the morning of trial, Wilson's appointed counsel indicated that Wilson wanted to represent himself and was considering waiving a jury trial. R. Supp. Vol. III, at 5. When questioned by the district court, Wilson affirmed that he was dissatisfied with his appointed counsel and wanted to represent himself. Id. at 14. The court advised Wilson regarding his right to counsel and the dangers of self-representation. Id. at 22-28. Finally, the court granted Wilson's request to represent himself, but appointed Mr. Skinner to act as standby counsel during the trial. Id. at 30-31. The court then attempted to determine Wilson's wishes regarding a jury, since Wilson also stated he could not get a fair trial because all of the members of the jury would be under duress from the IRS. Id. at 7. During a lengthy discussion the district judge fully informed Wilson of his right to a jury trial. Both the court and standby counsel recommended that Wilson retain his right to a jury. Id. at 32. Nonetheless, against their advice, Wilson chose to proceed without a jury. Id. at 50. The jury was then dismissed. Id. at 51.
 
 
 7
 At the conclusion of the bench trial, the district judge found Wilson guilty on all nine counts of the indictment. On September 11, 1992, Wilson was sentenced to twelve months incarceration. Following sentencing, Wilson filed several additional pro se documents. He failed to surrender as ordered and became a fugitive until he finally surrendered on March 12, 1993.
 
 II. DISCUSSION
 
 8
 1. Waiver of Right to Counsel.
 
 
 9
 Wilson claims that the trial court erred in finding that he had waived his constitutional right to counsel. We review the voluntariness of a waiver of this right de novo. United States v. Burson, 952 F.2d 1196, 1199 (10th Cir.1991), cert. denied, 112 S.Ct. 1702 (1992).
 
 
 10
 "A defendant has a constitutional right to waive his right to counsel and to represent himself at criminal trial." United States v. Merchant, 992 F.2d 1091, 1095 (10th Cir.1993) (citing Faretta v. California, 422 U.S. 806, 834-35 (1975); United States v. Willie, 941 F.2d 1384, 1388 (10th Cir.1991), cert. denied, 112 S.Ct. 1200 (1992)). However, a waiver of the right to counsel is valid only if it is voluntary, knowing and intelligent. Id. at 1095. As in this case, the trial judge should conduct a thorough inquiry on the record to assure that the defendant is aware of the charges, the range of allowable punishments and possible defenses, and the risks of proceeding pro se. Id.
 
 
 11
 Wilson points to no deficiency in the district court's admonitions regarding the hazards of self-representation, which were given in painstaking detail. R. Supp. Vol. III, at 22-28. Instead, he asserts that his waiver was not voluntary, because he was forced to make a choice between proceeding with unprepared, incompetent counsel or representing himself. However, the record reveals that Wilson's primary objection to his counsel was that the attorney was a member of the American Bar Association whose "only interest is to administrate [sic] the bankruptcy of the United States." Id. at 14. Wilson also complained that the attorney had not spent enough time on the case and refused to follow Wilson's instructions on trial preparation and strategy. Id. at 13-14, 26-27. Wilson's attorney advised the court that he was prepared for trial and did not belong to the American Bar Association. Id. at 15-16.
 
 
 12
 "When a defendant is given a clear choice between waiver of counsel and another course of action, such as retaining present counsel, the choice is voluntary as long as it is not constitutionally offensive." United States v. Padilla, 819 F.2d 952, 955 (10th Cir.1987). A defendant's choice to waive counsel and to proceed pro se is voluntary unless his objections to present counsel would entitle him to new counsel. Id. A defendant is not entitled to an appointed attorney who will blindly follow the defendant's strategy or who shares his views on taxation. See Burson, 952 F.2d at 1199; Willie, 941 F.2d at 1390.
 
 
 13
 Wilson's repeated and unequivocal assertions of his right to self-representation, his refusal to accept the services of competent and available counsel, and his numerous pro se filings demonstrate his that his waiver of his right to counsel was knowing, voluntary, and intelligent. The district court did not err in its ruling.
 
 
 14
 2. Waiver of Right to Jury Trial.
 
 
 15
 Wilson next contends that the trial court erred when it ruled he had waived his constitutional right to a trial by jury. We review the district court's findings of historical facts for clear error. However, we review the ultimate question of whether there has been a denial of the constitutional right to a jury trial de novo. See Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc) ("[U]ltimate question of voluntariness [of waiver of jury trial and consent to trial by stipulated facts] is reviewed de novo."), cert. denied, 113 S.Ct. 1818 (1993); cf. United States v. Burson, 952 F.2d 1196, 1199 (10th Cir.1991) (reviewing voluntariness of a waiver of the constitutional right to counsel de novo ), cert. denied, 112 S.Ct. 1702 (1992); United States v. Williams, 919 F.2d 1451, 1455 (10th Cir.1990) ("Whether a plea is voluntary is a question ... subject to de novo review.), cert. denied, 111 S.Ct. 1604 (1991).
 
 
 16
 A criminal defendant may waive his constitutional right to a jury trial provided such waiver is freely, knowingly, and intelligently made. Adams v. United States ex rel. McCann, 317 U.S. 269, 275 (1942); Patton v. United States, 281 U.S. 276 (1930). Fed.R.Crim.P. 23(a) permits a criminal defendant to waive a jury trial with the approval of the court and the consent of the government. Although the rule provides for a writing, failure to obtain a formal writing will not invalidate the waiver unless the defendant was prejudiced by the technical error. United States v. Prichard, 875 F.2d 789, 790 (10th Cir.1989).
 
 
 17
 The record reveals that after the matter had been called for trial, appointed counsel indicated that Wilson was thinking of waiving a jury, and that counsel had advised against such action. R. Supp. Vol. III, at 5. When the trial judge tried to discern Wilson's position, Wilson simply repeated the complaint that he would not be receiving a jury of his peers. Id. at 7, 16, 24, 35. Throughout the inquiry, Wilson was "not responsive and continued to raise the issue of jurisdiction." Appellant's Br. at 8. Both the trial judge and standby counsel repeatedly advised Wilson that he should not waive his right to a jury trial. Id. at 5, 32, 43, 49. Finally, after more jousting and an off-the-record discussion with standby counsel, Wilson announced, "[T]here's no way that I can get a lawful trial by jury.... My definition of lawful is the Holy Bible." R. Supp. Vol. III at 48. Wilson then advised the court that he had no choice but to proceed without a jury as it would not be a lawful trial. Id. at 50. Wilson now argues that this exchange clearly shows that his waiver was neither intelligent nor voluntary. Appellant's Br. at 8-9.
 
 
 18
 The court spoke at great length, clearly advising Wilson about his right to a jury trial. Both the court and standby counsel expressly advised against waiver. Wilson may not argue now that his stubborn refusal to be swayed and his adamant repetition of his own unresponsive agenda made his waiver unintelligent.[2]
 
 
 19
 As with the right to counsel, a defendant cannot use his right to a jury "to play a 'cat and mouse' game with the court, or by ruse or stratagem fraudulently seek to have the trial judge placed in a position where, in moving along the business of the court, the judge appears to be arbitrarily depriving the defendant of [his constitutional right]." (citations omitted). United States v. Willie, 941 F.2d 1384, 1390 (10th Cir.1991), cert. denied, 112 S.Ct. 1200 (1992). We find Wilson's waiver was valid.
 
 
 20
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Wilson seems to be asking us to find that his arguments to the trial court were so silly and unintelligent that his waiver was similarly tainted. We decline to do so. Although his arguments were without merit, there is no evidence that Wilson was mentally deficient or incompetent to make decisions