**UNITED STATES COURT OF APPEALS**
**Filed 4/19/96**
**FOR THE TENTH CIRCUIT**

———

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent-Appellee, | ) |
| | ) |
| v. | )    No. 95-6427 |
| | ) (D.C. No. CIV-95-1184-R) |
| BARBARA AFLLEJE-TORRES, | )   (W. Dist. of Okla.) |
| | ) |
|     Petitioner-Appellant. | ) |

———

**ORDER AND JUDGMENT**[*]

———

Before **ANDERSON, BARRETT, and MURPHY,** Circuit Judges.

———

After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

submitted without oral argument.

Barbara Aflleje-Torres (Aflleje-Torres), appearing pro se and having been granted leave to proceed in forma pauperis, appeals the district court's denial of her Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255.

In 1994, Aflleje-Torres was convicted of multiple drug-related offenses in connection with a conspiracy to distribute methamphetamine. On direct appeal, we affirmed Aflleje-Torres' convictions and sentences for conspiracy to possess with intent to distribute methamphetamine (Count I), distribution of methamphetamine (Counts III and IV), and use of a communication facility to facilitate the distribution of methamphetamine (Count VI). See United States v. Torres, 53 F.3d 1129 (10th Cir.), cert. denied, ___ U.S. ___ (1995).

Thereafter, Aflleje-Torres filed a § 2255 petition alleging that: (1) the district court erred in basing her sentence on the quantity of drugs involved in the entire conspiracy; (2) the district court erred in sentencing her based on d- rather than l-methamphetamine;[1] and (3) her trial counsel was constitutionally ineffective in a variety of ways.

---

[1] At the time Aflleje-Torres was sentenced, the guidelines distinguished between "methamphetamine," which commonly refers to d-methamphetamine, and "l-methamphetamine." For purposes of calculating the base offense level, 1 gram of methamphetamine was equivalent to 1 kilogram of marijuana and 1 gram of l-methamphetamine was equivalent to 40 grams of marijuana. U.S.S.G. § 2D1.1, Drug Equivalency Tables.

On November 8, 1995, the district court denied her § 2255 motion finding/concluding that: her challenge to the quantity of drugs attributable to her was raised and rejected on direct appeal and, therefore, cannot be raised again; she procedurally defaulted on the issue of whether the district court erred in sentencing her based on d- rather than l-methamphetamine and she did not show cause for the default; and she failed to show any prejudice as a result of any of her ineffective assistance of counsel claims. On November 16, 1995, the district court amended its November 8, 1995 Order in light of evidence presented by Aflleje-Torres that the methamphetamine involved in the conspiracy was composed of 35% d-methamphetamine and to clarify that an evidentiary hearing was not required on her ineffective assistance of counsel claims because she failed to show that she was prejudiced by her trial counsel's alleged deficiencies.

On appeal, Aflleje-Torres contends that the district court erred in denying her § 2255 petition and in failing to conduct an evidentiary hearing. She asserts that: (1) the district court erred in not making specific findings as to the amount of methamphetamine attributable to her rather than the entire conspiracy; (2) the district court erred in sentencing her based on d- rather than l-methamphetamine; and (3) her trial counsel was ineffective for failing to challenge the presentence report's calculation of her sentence based on d- rather than l-

methamphetamine, advise her of the comparative sentences she could expect by proceeding to trial rather than accepting a plea, and investigate the case.

In a § 2255 motion, we review the district court's legal conclusions de novo, United States v. Cook, 49 F.3d 663, 665 (10th Cir. 1995), although findings of fact underlying mixed questions of law and fact are accorded the presumption of correctness. Manlove v. Tansy, 981 F.2d 473, 476 (10th Cir. 1992).

1.

On direct appeal, Aflleje-Torres challenged the quantity of methamphetamine attributed to her. On her direct appeal, we affirmed the district court's finding that 1,332.45 grams of methamphetamine were attributable to Aflleje-Torres. Absent an intervening change in the law of the circuit, not present here, issues disposed of on direct appeal will not be considered on a collateral attack pursuant to a § 2255 motion. United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989) (citations omitted).

2. & 3.

Aflleje-Torres did not raise her challenge to the district court's sentence on the basis of d- rather than l-methamphetamine at sentencing or on direct appeal. Therefore, she may pursue this issue in a § 2255 proceeding only if she can show cause and prejudice resulting from that failure. See United States v. Kissick, 69 F.3d 1048, 1054 (10th Cir. 1995). Aflleje-Torres may

establish cause for failing to raise a claim by demonstrating that she was denied effective assistance of counsel. Id. (citations omitted).

In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was constitutionally deficient, and (2) this deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Cook, 49 F.3d at 665. Counsel's performance is deficient if the representation "falls below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Prejudice is established when a defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "However, a court may not set aside a conviction or a sentence solely because the outcome would have been different absent counsel's deficient performance." Kissick, 69 F.3d at 1055 (citing Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993)). "Instead, in order to establish the required prejudice, a defendant must demonstrate that counsel's deficient performance rendered the proceeding 'fundamentally unfair or unreliable.'" Kissick, 69 F.3d at 1055 (citing Lockhart, 506 U.S. 369).

Assuming that Aflleje-Torres' counsel's performance was constitutionally deficient, her claim must nevertheless fail because she has failed to show prejudice. At sentencing, it was

- 5 -

established that Aflleje-Torres was accountable for 1,332.45 grams of methamphetamine. There was no discussion or any evidence introduced regarding whether the methamphetamine involved was d- or l-methamphetamine. See ROA, Vol. VI. However, attached to Aflleje-Torres' Objection to Government's Response filed November 2, 1995, is a July 13, 1992, Report of Drug Property Collected, Purchased or Seized.[2] The report analyzes methamphetamine that was seized from coconspirators on July 9, 1992, as 35% d-methamphetamine.

Under the guidelines, "[i]f a mixture or substance contains more than one controlled substance, the weight of the entire mixture or substance is assigned to the controlled substance that results in the greater offense level." U.S.S.G. § 2D1.1.(c) note*. See United States v. Decker, 55 F.3d 1509, 1513 (10th Cir. 1995). Therefore, even assuming that counsel was obligated to raise the issue, the evidence presented demonstrates that Aflleje-Torres' sentence would have been the same and, thus, is neither "fundamentally unfair" nor "unreliable."

Finally, Aflleje-Torres' other claims for ineffective assistance of counsel fail because she has not demonstrated any prejudice. Although Aflleje-Torres' urges that she would have pled guilty if she had been offered a plea, there is no evidence that

_____

[2] It is unclear from the record if this evidence was presented at trial. However, new evidence may be presented in a § 2255 proceeding.

the government was willing to enter into plea negotiations with her or that a plea would have been accepted by the district court. She has also failed to demonstrate what additional investigation was necessary or how she was harmed by counsel's alleged failures to investigate.

We **AFFIRM** substantially for the reasons set forth in the district court's Order of November 8, 1995, and the district court's amendment thereto of November 16, 1995. The mandate shall issue forthwith.

Entered for the Court:

James E. Barrett,
Senior United States
Circuit Judge