**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 3 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RANDOLPH SHORT,

Defendant-Appellant.

No. 98-4032
(D.C. No. 95-CV-451)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

Randolph Short was convicted of manufacturing methamphetamine. [1] He appealed his conviction and 151-month sentence, and the government cross-appealed the sentence. This court affirmed the conviction but remanded for imposition of a mandatory minimum sentence of twenty years under 21 U.S.C.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

§ 841(b)(1)(A).  See United States v. Short  , 947 F.2d 1445 (10th Cir. 1991).  In May 1995, Short filed the instant motion challenging his sentence pursuant to 28 U.S.C. § 2255.  The district court denied the motion, and Short appeals proceeding pro se.

In his § 2255 motion, Short contended that the district court improperly determined his sentence under U.S.S.G. § 2D1.1 by basing it on the methamphetamine production capacity of the materials with which he was connected rather than the actual mixture of methamphetamine-containing water seized from his home.  In response, the government contended that this issue was procedurally barred because essentially the same issue had been raised and rejected on direct appeal.  See United States v. Prichard  , 875 F.2d 789, 791 (10th Cir.1989) ("Absent an  intervening change in the law of a circuit, issues disposed of on direct appeal  generally will not be considered on a collateral attack by a motion pursuant to § 2255.").  In reply, Short maintained that his claim should not be procedurally barred.  He also made passing reference to a new issue--that the mandatory minimum sentence imposed as a result of his prior felony drug conviction was improper under 21 U.S.C. § 851(a)(2) because the prior conviction had not been prosecuted by indictment and he had not waived that requirement.

In May 1997, Short filed a motion to amend his § 2255 motion contending that he would be able to show that amendment 484 to the Sentencing Guidelines,

which amended application note 1 to U.S.S.G. § 2D1.1, retroactively changed the basis on which the amount of methamphetamine should have been calculated in this case because it provided that waste substances in which drugs are contained should be excluded from drug quantity determinations. He stated that he would submit an amended motion as soon as he was able to do more legal research and to obtain certain of his legal materials that were then unavailable. On August 7, 1997, the magistrate judge ordered that he file his amended motion within thirty days. There is no indication in the record that he did so, and on December 2, 1997, the magistrate judge recommended that Short's motion be dismissed as procedurally barred.

In his objections to the magistrate judge's recommendation, Short contended that he did timely file an amended motion, and a "supplemental response" that the magistrate judge failed to consider. [2] On the merits, he contended that amendment 484 was new law that should excuse any procedural bar. He also reasserted his § 851(a)(2) argument. The district court adopted the magistrate judge's recommendation and dismissed the § 2255 motion without addressing Short's amendment 484 and § 851(a)(2) arguments.

---

[2] The district court's docket sheet does not indicate that Short ever filed an amended motion. It does indicate that he filed a "supplemental response" a few weeks prior to the magistrate judge's order allowing him to amend his motion, but this document was not available for our review.

On appeal, Short contends that his procedural default should be excused because amendment 484 constituted a change in law and that based on that amendment, the district court overestimated the amount of methamphetamine for which he was sentenced. He also reasserts his § 851(a)(2) argument. Even assuming these arguments were properly before the district court and are available for our consideration, they do not avail Short. Section 851(a)(2) provides that an information seeking to enhance a sentence based on a prior conviction may not be filed "if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment *for the offense for which such increased punishment may be imposed* ." (Emphasis added). Short contends that the italicized language refers to his prior state felony drug conviction, which he claims was not prosecuted by indictment. That language, however, refers to the federal drug offense for which he was being prosecuted and which was obviously prosecuted by indictment. See United States v. Adams , 914 F.2d 1404, 1407 (10th Cir. 1990).

Amendment 484 is not applicable to his sentence because it applies only to cases in which the drug being quantified is mixed with waste material, which Short contends here was waste water. However, as he admitted in his original motion, the district court determined the amount of methamphetamine for which

he was to be sentenced based on his capability to produce 2.3 kilograms of *powdered* methamphetamine, and the amount of waste was therefore not a consideration. Moreover, even if he were correct that he should have been accountable only for two and one-half gallons of water containing methamphetamine, he would still be subject to the twenty-year mandatory minimum because that mixture would weigh more than one kilogram. See 21 U.S.C. § 841(b)(1)(A)(viii).

Short's application for leave to proceed in forma pauperis is **GRANTED**. The judgment of the United States District Court for the District of Utah is **AFFIRMED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge