**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 31 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

vs.

PEDRO AYALA TORRES, JR.,

    Defendant - Appellant.

No. 01-6011
(D.C. No. CIV-00-643-A)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

---

Defendant-Appellant Pedro Ayala Torres, an inmate appearing pro se, seeks

a certificate of appealability ("COA") allowing him to appeal the district court's

order denying relief on his motion pursuant to 28 U.S.C. § 2255. We have

jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Because we conclude

that Mr. Torres has failed to make "a substantial showing of the denial of a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the appeal.

In 1998, Mr. Torres pled guilty to conspiring to distribute and to possess with intent to distribute cocaine powder, 21 U.S.C. § 846. Doc. 371, at 1. However, Mr. Torres denied responsibility for cocaine base (crack) as charged in the indictment. Id. The court imposed a sentence of 360 months, based in part on Mr. Torres' involvement with crack cocaine as relevant conduct. Id. On direct appeal, Mr. Torres argued that: (1) the district court abused its discretion in denying his motion to withdraw his guilty plea; (2) the court erred in including crack cocaine as relevant conduct when determining his sentence; (3) the court erred in failing to give him a downward adjustment for acceptance of responsibility; and (4) the court erred in giving him an upward adjustment for possession of a firearm. United States v. Ayala Torres, Jr., 173 F.3d 864, 1999 WL 176197, at *1-3 (10th Cir. March 31, 1999). This court affirmed. Id. at *3. We found that "[t]here is no indication that Mr. Torres' plea was anything but deliberate and intelligent" as "Mr. Torres fully acknowledged" that crack could be included as relevant conduct in his sentence during his Rule 11 proceeding. Id. at *1; see also Aplt. App. at 60 (tr. of guilty plea).

In March 2000, Mr. Torres filed his "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" alleging due process violations and

ineffective assistance of counsel claims.  Specifically, Mr. Torres contended that his guilty plea was involuntary because the district court should have advised him that he would not be allowed to withdraw his plea if the court rejected the agreement pursuant to Fed. R. Crim. P. 11(e)(2).  In regards to his ineffective assistance of counsel claims, Mr. Torres alleged that his counsel erred by: (1) failing to raise the Rule 11(e)(2) violation in Mr. Torres' motion to withdraw his guilty plea; (2) rendering faulty advice that induced Mr. Torres to accept the plea agreement; (3) failing to object to the inclusion of crack cocaine as relevant conduct under the Sentencing Guidelines; and (4) omitting meritorious arguments on appeal, including arguments regarding the involuntary plea and the inclusion of crack cocaine as relevant conduct.  Doc. 371, at 2-3.

The district court noted the "significant overlap between the prior [direct] appeal and the current motion," id. at 2, recognizing that Mr. Torres was bringing up several of the same issues under the "ineffective assistance rubric." Id. at 3; see also United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255.") (citation omitted). The district court went on to hold that "all [the] newly asserted claims lack merit," Doc. 371, at 3, concluding that no Rule 11(e)(2) violation had taken place, id. at 5, that Mr. Torres did not receive ineffective

assistance of counsel regarding his guilty plea, id. at 8-9, that Mr. Torres did not receive ineffective assistance of counsel regarding his sentence and the inclusion of crack cocaine as relevant conduct, id. at 10-11, and, finally, that Mr. Torres' counsel did not fail to raise meritorious issues on appeal. Id. at 11. The district court denied the § 2255 motion on the merits, id. at 11, and later denied Mr. Torres' request for a COA. Doc. 379.

We construe Mr. Torres' notice of appeal as an application for a COA. Emergency General Order of 1996. On appeal, Mr. Torres raises the same issues he raised before the district court in his original § 2255 motion, along with three others: (1) ineffective assistance of counsel on direct appeal because "the issues that were raised on direct appeal by appellants [sic] counsel were incorrectly addressed out of context of the appropriate legal authorities which nullified any meaningful appel[l]ate review," Aplt. Br. at 3-4; (2) "[a]ppellants [sic] trial and appel[l]ate counsel's deficient performance rises to the level of ineffective assistance of trial counsel throughout the criminal proceedings . . . ," id. at 4; and (3) the district court erred in failing to grant Mr. Torres an evidentiary hearing on his ineffective assistance of counsel claims. Id. at 5.

As for the two new ineffective assistance of counsel claims that Mr. Torres raises for the first time in this appeal, we decline to address them because he failed to raise them in the district court as part of his original § 2255 motion. See

In re Walker (Walker v. Mather), 959 F.2d 894, 896 (10th Cir. 1992). Turning to the claims that the district court denied on the merits, we review the district court's legal rulings on a § 2255 motion de novo and its factual findings for clear error. United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000), cert. denied, 121 S. Ct. 1406 (2001). Ineffective assistance of counsel claims are mixed questions of law and fact which we review de novo. United States v. Prows, 118 F.3d 686, 691 (10th Cir. 1997). Keeping the relevant standards of review in mind, we have conducted a thorough review of the record on appeal and the submissions by the parties. We are convinced that the district court's analysis of Mr. Torres' claims was both comprehensive and correct.

Finally, we review the denial of an evidentiary hearing in a § 2255 proceeding for an abuse of discretion. United States v. Nichols, 169 F.3d 1255, 1263 (10th Cir. 1999). In a § 2255 proceeding, the district court is not required to grant an evidentiary hearing on a prisoner's claims where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255; see also Kennedy, 225 F.3d at 1193. Although the record does not show that Mr. Torres requested that the district court hold such a hearing, the records of this case conclusively show that Mr. Torres was not entitled to any relief and, therefore, we hold that Mr. Torres was not entitled to an evidentiary hearing.

Therefore, because Mr. Torres has failed to show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Slack v. McDaniel, 529 U.S. 473, 484 (2000), we DENY Mr. Torres' request for a COA and DISMISS this appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge