**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 15 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RANDY C. KIMLER,

     Defendant - Appellant.

No. 04-3275
(D.C. Nos. 01-CR-10080-01-WEB
& 04-CV-3108-WEB)
(D. Kan.)

**ORDER**

Before **EBEL**, **MURPHY** and **McCONNELL**, Circuit Judges.

Randy C. Kimler ("Defendant"), a federal prisoner appearing pro se and in forma pauperis, seeks a certificate of appealability ("COA") to challenge the district court's denial of his Motion to Vacate, Set Aside, or Correct Sentence, which was brought pursuant to 28 U.S.C. § 2255 (2000). For the reasons stated below, we **DENY** COA and **DISMISS** the appeal.

**BACKGROUND**

After a jury trial, Defendant was convicted on six counts of receiving, possessing, and distributing child pornography via computer, pursuant to 18 U.S.C. §§ 2252(a)(2) and (a)(4)(B). The district court sentenced Defendant to 87

months imprisonment and three years of supervised release.  (Id.)  On appeal, we affirmed Defendant's conviction and sentence.  United States v. Kimler, 335 F.3d 1132, 1147 (10th Cir. 2003), cert. denied, 124 S. Ct. 945 (2003).

Approximately five months later, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 alleging ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984).  Specifically, Defendant cited five grounds for his ineffective assistance of counsel claim: (1) failure to present evidence of Defendant's employment at trial; (2) failure to present Defendant's medical records at trial; (2) failure to interview and subpoena alibi witnesses; (3) failure to effectively cross-examine government witnesses and make appropriate objections at trial; (4) failure to move for suppression; and (5) failure to allow Defendant to testify on his own behalf at trial.  In a supplemental brief, Defendant raised an additional issue as to the sufficiency of proof that the images in question were of real children.

The district court judge, who had also presided over Defendant's trial, carefully considered and rejected each of Defendant's arguments, denying the § 2255 motion.  On appeal, Defendant re-asserts the ineffective assistance of counsel claim and sufficiency of the evidence arguments raised below.[1]  In

_____

[1]Defendant has not renewed, however, his ineffective assistance of counsel claim insofar as it relates to counsel's alleged failure to move for suppression

(continued...)

addition, Defendant raises a new argument, challenging the validity of his sentence under <u>Blakely v. Washington</u>, 542 U.S. ___, 124 S. Ct. 2531 (2004).

**DISCUSSION**

Under 28 U.S.C. § 2253(c)(1), this court lacks jurisdiction to consider the merits of Defendant's appeal unless he first obtains a COA. In the instant case, Defendant seeks a COA from this court because the district court denied his request to appeal its decision. <u>See</u> Fed. R. App. P. 22(b)(1). To prevail, Defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This is accomplished by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-484 (2000) (quotations omitted).

We hold that Defendant has failed to meet the <u>Slack</u> standard with regard to any of the issues asserted on appeal. In order to assert an ineffective assistance of counsel claim, Defendant must set forth specific "performance" errors on the part of trial counsel and demonstrate "prejudice," <u>i.e.</u>, a "reasonable probability" that,

---

[1](...continued)
(ground #4, above).

absent those errors, a different outcome would occur. Strickland, 466 U.S. at 688 (1984). With regard to the claims that Defendant's attorney should have introduced Defendant's medical and employment records, called additional witnesses, and more effectively cross-examined government witnesses, we agree with the district court that none of the alleged conduct overcomes our presumption that counsel acted within the wide range of reasonable professional judgment. See Strickland, 688 U.S. at 689. As to counsel's alleged failure to allow Defendant to testify, we agree with the district court's factual finding that there was no reasonable probability that Defendant's testimony would have changed the result in the case, notwithstanding Defendant's conclusory assertions to the contrary.

As to Defendant's argument regarding the sufficiency of proof that the pornographic images were of real children, this issue was considered and rejected on direct appeal. See Kimler, 335 F.3d at 1140-42. As Defendant has not demonstrated an intervening change of law in our circuit, the issue will not be considered further. See United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989).

Finally, Defendant's newly-raised challenge to his sentence under Blakely v. Washington has been waived because it was not raised in the original § 2255

motion or in a subsequent motion for reconsideration.  See In re Walker, 959 F.2d 894, 896 (10th Cir. 1992).   We decline to consider the issue.

Having carefully considered each of the arguments before the court, we remain unconvinced that reasonable jurists could debate that Defendant's § 2255 motion should have been resolved differently.  See Slack, 529 U.S. 483-44. Accordingly, we **DENY** COA and **DISMISS** the appeal for substantially the reasons stated below.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge