**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 18, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KENNETH MAURICE WOODS,

    Defendant-Appellant.

No. 08-5139

(D.C. Nos. CR-99-020-K and
CV-02-829-K)
(N. D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY, ANDERSON,** and **BRISCOE**, Circuit Judges.

Kenneth Woods, a federal prisoner appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Because Woods has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss the matter.

I.

In September of 1999, Woods was convicted of one count of conspiracy to distribute various controlled substances and one count of distributing heroin.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

Woods was sentenced to a term of imprisonment of 216 months, to be followed by a five-year term of supervised release. This court affirmed Woods' convictions and sentence on direct appeal. United States v. Busby, 16 F. App'x 817 (10th Cir. 2001). On October 29, 2001, the United States Supreme Court denied Woods' petition for writ of certiorari. Woods v. United States, 534 U.S. 1012 (2001).

On October 28, 2002, Woods filed a § 2255 motion to vacate, set aside, or correct sentence arguing that (1) there was a fatal variance between the indictment, which alleged a single, nine-year-long conspiracy, and the government's evidence at trial, which established the existence of multiple, shorter conspiracies, (2) the district court committed plain error by sentencing him on the basis of inaccurate information proffered by the government and recounted in the presentence report, (3) his counsel was ineffective for failing to make objections during trial and at sentencing, and for failing to raise meritorious arguments on direct appeal, and (4) enhancement of his sentence based upon prior state court convictions constituted multiple punishment triggering double jeopardy protections. Woods subsequently filed three motions seeking, purportedly, to amend the issues contained in his § 2255 motion. On July 28, 2008, the district court issued an order denying Woods' motions to amend, and denying on the merits the four issues raised in Woods' § 2255 motion.

Woods filed a timely notice of appeal and a request for COA. The district

2

court denied Woods' request for COA. Woods has now renewed his request for COA with this court.

## II.

The issuance of a COA is jurisdictional prerequisite to an appeal from the denial of a § 2255 motion. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Woods first seeks a COA in order to challenge the district court's denial of his third motion to amend his § 2255 motion. In that third motion, which was filed on December 10, 2003, Woods requested "leave to amend . . . his initial 28 U.S.C. § 2255 Petition" to include two arguments: (1) "that the general verdict

3

only authorize[d] the District Court to sentence [Woods] to the lesser included offense, conspiracy to distribute five (5) grams of heroin," and (2) Woods' "attorney rendered ineffective assistance of counsel for failing to raise the ambiguous general verdict issue at sentencing or on direct appeal." ROA, Vol. 1, Doc. 607 at 1. The district court concluded it was "precluded from considering the[se] new claims because they d[id] not 'relate back' to the original § 2255 motion" under Federal Rule of Civil Procedure 15(c)(2) "and [we]re [thus] barred by the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act . . . ." Id., Doc. 759 at 4-5. Although Woods now argues in his application for COA that the two issues identified in his third motion to amend related back to the first substantive claim alleged in his § 2255 motion, we are not persuaded, after reviewing the record on appeal and the materials submitted by Woods, that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Woods also seeks a COA in order to challenge the district court's rejection of the first substantive claim alleged in his § 2255 motion, i.e., his fatal variance claim. In disposing of that claim, the district court noted that the same claim was "considered and rejected by" this court "on direct appeal," and that "Woods ha[d] failed to demonstrate the existence of an intervening change in the law of this circuit or any other reason justifying reconsideration of [this court's] rejection of th[at] claim[]." ROA, Vol. 1, Doc. 759 at 8. In his application for COA, Woods

4

makes no attempt to explain why the district court should have deviated from the longstanding rule that, "[a]bsent an intervening change in the law of [this] circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989).  Thus, we conclude Woods has failed to establish his entitlement to a COA on this issue.

The application for COA is DENIED and the matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge