**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 8, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC NELSON BERTRAM,

Defendant - Appellant.

No. 09-7095
(E.D. Oklahoma)
(D.C. Nos. 6:09-CV-00181-JHP and
6:07-CR-00010-JHP-1)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

---

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

---

Petitioner, Eric Nelson Bertram, seeks a certificate of appealability

("COA") so he can appeal the district court's denial of the motion to vacate, set

aside, or correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C.

§ 2253(c)(1)(B) (providing a movant may not appeal the denial of a § 2255

motion unless he first obtains a COA). In 2005, Bertram was convicted by a jury

of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

He filed a direct appeal, challenging the denial of a motion to suppress and the

admission of evidence. *United States v. Bertram*, 307 F. App'x 214, 215 (10th Cir. 2009). This court affirmed his conviction and sentence. *Id.* at 218.

Bertram filed the instant § 2255 motion on May 11, 2009, asserting sixteen separate claims for relief. The district court denied Bertram's motion. Bertram seeks a COA on the following five claims: (1) his counsel provided ineffective assistance at the competency hearing, (2) the jury selection process was unconstitutional, (3) handcuffing him during the suppression hearing violated his due process rights, (4) his Sixth Amendment rights were violated at sentencing because his attorney was not present, and (5) the district court erred by allowing the Government to introduce uncertified copies of his prior convictions. The district court denied the first claim on the merits, concluding Bertram failed to satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984). The fifth claim was previously adjudicated on direct appeal and, thus, could not be reasserted in the § 2255 motion. *See United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). The remaining three claims were all procedurally barred because they were not raised on direct appeal and Bertram was unable to show cause and prejudice for the default or demonstrate that a fundamental miscarriage of justice would result if the claims were not considered. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

This court cannot grant Bertram a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted); *see also id*. at 484-85 (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). In evaluating whether Bertram has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Bertram is not required to demonstrate his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Bertram's appellate brief and application for COA, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court and concludes Bertram is not entitled to a COA. The district court's resolution of Bertram's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings.

Accordingly, Bertram has not "made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). This court **denies** his request for a

COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge