**UNITED STATES COURT OF APPEALS**

February 1, 2017

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOHN CHARLES FLETCHER,

    Defendant - Appellant.

No. 16-6245
(D.C. Nos. 5:14-CV-00544-M and
5:09-CR-00021-M-1)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.

Petitioner-Appellant John Charles Fletcher, a federal inmate appearing pro se, seeks to appeal from the district court's order denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. We determine that Mr. Fletcher has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000), and thus deny a certificate of appealability ("COA") and dismiss the appeal. Furthermore, because the Supreme Court's pending decision in Beckles v. United States, 136 S. Ct. 2510 (2016), will not affect the resolution of the instant § 2255 motion, Mr. Fletcher's motion to place his post-conviction appeal in abeyance is denied.

On April 22, 2011, a jury found Mr. Fletcher guilty on 39 counts, including various drug offenses in violation of 21 U.S.C. §§ 841(a)(1), 846, 856(a)(2), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to imprisonment for life for 27 of the counts, 360 months' imprisonment for nine of the counts, 120 months' imprisonment for two of the counts, and 240 months' imprisonment for one count, all to run concurrently. After Mr. Fletcher appealed his conviction and sentence, this court affirmed. United States v. Fletcher, 497 F. App'x 795 (10th Cir. 2012), cert. denied, 133 S. Ct. 2756 (2013).

On May 23, 2016, Mr. Fletcher filed his first § 2255 motion, seeking relief on 19 grounds: (1) abuse of discretion by the trial court in failing to conduct a colloquy with Mr. Fletcher to resolve a conflict of interest expressed by trial counsel; (2) ineffective assistance of trial counsel in neglecting to request a hearing concerning his expressed conflict of interest in representing Mr. Fletcher; (3) ineffective assistance of trial counsel based on his encouraging Mr. Fletcher to proceed to trial when Mr. Fletcher wanted to enter a guilty plea to reduced charges; (4) abuse of discretion by the trial court by allowing a law enforcement officer to provide expert testimony without approving any expert qualifications concerning the witness; (5) ineffective assistance of trial counsel based on failing to object to the testimony of a law enforcement officer who had not received expert qualification by the trial court; (6) abuse of discretion by the trial court by

- 2 -

allowing a law enforcement officer to provide testimony on the ultimate issue; (7) ineffective assistance of counsel in failing to object to a law enforcement officer's testimony on the ultimate issue; (8) prosecutorial misconduct by allowing one of its witnesses to provide prejudicial overview testimony; (9) ineffective assistance of trial counsel by failing to object to improper overview testimony; (10) fatal variance resulting in Mr. Fletcher's indictment being constructively amended; (11) ineffective assistance of trial counsel by failing to object to the constructive amendment of Mr. Fletcher's indictment; (12) abuse of discretion by the trial court in failing to give a multiple conspiracy instruction sua sponte when the evidence clearly required such instruction; (13) ineffective assistance of trial counsel for neglecting to request a multiple conspiracy instruction; (14) error of the trial court in failing to respond to a jury note with concrete accuracy; (15) ineffective assistance of trial counsel in failing to ensure the trial court complied with due process in responding to the jury note; (16) abuse of discretion by the trial court by ordering a competency examination of Mr. Fletcher without conducting the statutorily-mandated hearing; (17) ineffective assistance of counsel in failing to seek a hearing prior to the trial court ordering a competency examination of Mr. Fletcher; (18) cumulative error; and (19) ineffective assistance of appellate counsel for failing to raise several of these issues on direct appeal.

The district court denied Mr. Fletcher's § 2255 motion. <u>United States v.</u>

<u>Fletcher</u>, Nos. CR-09-21-M, CIV-14-544-M, 2016 WL 3033774 (W.D. Okla. May 26, 2016). Mr. Fletcher now seeks a COA on each of the 19 grounds raised before the district court in his first § 2255 motion.

For this court to grant a COA, Mr. Fletcher must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>see</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003). This means that he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) [his] petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El</u>, 537 U.S. at 336 (internal quotations and citations omitted). We have carefully reviewed Mr. Fletcher's brief, the district court's order, and the record on appeal. Our review persuades us that Mr. Fletcher has not made such a showing for several reasons.

First, this court considered issues (4), (8), and (10) on direct appeal. <u>See</u> <u>Fletcher</u>, 497 F. App'x at 802–05. Absent an intervening change in the law, issues previously considered and addressed on direct appeal will not be considered in a § 2255 motion. <u>United States v. Prichard</u>, 875 F.2d 789, 791 (10th Cir. 1989) (citing <u>United States v. Nolan</u>, 571 F.2d 528, 530 (10th Cir. 1978)). Because there have been no intervening changes in the law that affect the

resolution of these issues,[1] we need not consider them on the instant appeal. Further, in light of this court's determinations on direct appeal, a COA is also not warranted for Mr. Fletcher's related ineffective-assistance issues (5), (9), and (11), because counsel was not ineffective. See Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999).

Second, we conclude that the district court's resolution of issues (1), (2), (3), (6), (7), (12), (13), (14), (15), (16), and (17) is not reasonably debatable. Most of Mr. Fletcher's arguments on appeal do not differ from the arguments he raised before the district court. Of those that do, we do not consider arguments on appeal not raised before the district court. Parker v. Scott, 394 F.3d 1302, 1309 n.1 (10th Cir. 2005) (citations omitted). And the additional authority upon which Mr. Fletcher now relies does not make the district court's decisions reasonably debatable.

Further, Mr. Fletcher's contention that the district court erred in its determinations as to issues (12) and (13) is without merit. He argues that United States v. Evans, 970 F.2d 663 (10th Cir. 1992), and a comment to Tenth Circuit Model Criminal Jury Instruction 2.20 (2015) provide: "A multiple conspiracy

---

[1] We disagree with Mr. Fletcher that this court's decision in United States v. Brooks, 736 F.3d 921 (10th Cir. 2013), constitutes an intervening change that would have affected our resolution of his argument on direct appeal. Although Brooks acknowledges that overview testimony is susceptible to abuse, id. at 930, the decision does not make the district court's decision on issue (8) reasonably debatable.

instruction should 'instruct[] the jury to acquit if it finds that the defendant was not a member of the indicted conspiracy but rather was involved in another conspiracy.'" Although this quotation does not appear in Evans, it does appear in the comment to the instruction and in United States v. Edwards, 69 F.3d 419, 433 (10th Cir. 1995). However, as noted in the next sentence in Edwards, a failure to give a multiple conspiracy jury instruction is not reversible where the instructions informed the jury that the government had the burden to prove beyond a reasonable doubt the single conspiracy as alleged, id., as was done here. Thus, we conclude the district court's decision as to issues (12) and (13) is not reasonably debatable.

In light of the foregoing, issues (18) and (19) also do not warrant a COA. Because Mr. Fletcher has not raised any errors with merit, there can be no cumulative error. Moore v. Reynolds, 153 F.3d 1086, 1113 (10th Cir. 1998) (citation omitted). Further, appellate counsel cannot be ineffective for failing to raise arguments that have no merit. See Hawkins, 185 F.3d at 1152.

Having reached these conclusions, we DENY a COA and DISMISS the appeal. The motion for abeyance is DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 6 -