**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth CHEE, Defendant–Appellant.**

No. 01–2002.

United States Court of Appeals,
Tenth Circuit.

April 10, 2002.

Before KELLY, Circuit Judge,
McWILLIAMS, Senior Circuit Judge, and
LUCERO, Circuit Judge.

## ORDER AND JUDGMENT *

LUCERO, Circuit Judge.

Kenneth Chee appeals the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

### I

On August 19, 1997, Chee was convicted of maiming in violation of 18 U.S.C. § 114, assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6), and three counts of sexual assault in violation of 18 U.S.C. § 2241(a) as defined by 18 U.S.C. § 2246(2)(A). The charges against Chee arose from three violent incidents against Lynn Dawes, Chee's common-law wife, on an Indian reservation in New Mexico. His conviction and sentence were affirmed by this Court. *United States v. Chee*, 173 F.3d 864 (10th Cir.1999).

Chee filed his 28 U.S.C. § 2255 motion on May 2, 2000, asserting five claims for relief: (1) ineffective assistance of counsel

based on trial counsel's failure to request a voluntary intoxication jury instruction; (2) ineffective assistance of counsel based on trial counsel's failure to obtain a ruling from the trial court on his motion for judgment of acquittal on the maiming charge; (3) similar error by counsel with respect to the trial court's failure to rule on the motion for judgment of acquittal on the bodily injury charges; (4) abuse of discretion by the trial court in upwardly departing six levels in sentencing Chee on the maiming and assault resulting in serious bodily injury charges; and (5) a similar error by the trial court with regard to the sexual assault charges. Chee also alleges he received ineffective assistance of counsel with respect to the fourth claim, stating that by not obtaining a ruling on his motion for judgment of acquittal, counsel caused appellant to be sentenced for convictions that should not have been allowed.

The district court held an evidentiary hearing on the jury instruction claim, and determined that trial counsel was not ineffective in failing to request the voluntary intoxication jury instruction because the evidence submitted at trial did not support such an instruction. The district court rejected all of Chee's other claims and denied his 28 U.S.C. § 2255 motion. Chee appealed and the district court granted a certificate of appealability ("COA") on the jury instruction claim.

### II

■ Ineffective assistance of counsel claims contain mixed questions of law and fact that we review de novo. *Castro v. Ward*, 138 F.3d 810, 829 (10th Cir.1998). The government argues that Chee has pro-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

cedurally defaulted his ineffective assistance of counsel claim—based on trial counsel's failure to request a voluntary intoxication jury instruction—because he did not raise the underlying claim that the jury instructions were inadequate on direct appeal. Nonetheless, a procedural bar does not apply to habeas claims of ineffective assistance of counsel brought by prisoners in federal custody. *United States v. Galloway,* 56 F.3d 1239, 1241 (10th Cir. 1995). Therefore this claim is properly before us.

Phillip Medrano, Chee's trial counsel, did not request a jury instruction on intoxication as a defense to the formation of specific intent, an element of the maiming charge. Under *Strickland v. Washington,* Chee must demonstrate that Medrano's performance in this respect was deficient and that he was prejudiced by the deficient performance. 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Deficient performance occurs when counsel makes "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Such performance causes prejudice when appellant can show that but for counsel's deficient performance there is a reasonable probability that the outcome of the proceeding would have been different. *Id.* at 694.

In an effort to demonstrate deficient performance, Medrano testified at the district court evidentiary hearing that based on his research he thought that although intoxication could be argued as a defense, it was not an appropriate jury instruction. He further testified that failing to request the jury instruction "was a big error" and not a tactical or strategic decision. (2 R. at 11.)

■ To merit an intoxication jury instruction, the evidence presented at trial must establish mental impairment due to voluntary intoxication sufficient to negate the existence of specific intent. *United States v. Boyles,* 57 F.3d 535, 542 (7th Cir.1995). Mere evidence of drinking or intoxication is not adequate because it is not evidence of mental impairment. *Id.* Chee incorrectly argues that once "the evidence was received at trial that the defendant was drunk, the defendant was entitled to the instruction on intoxication, so long as his counsel asked for it." (Appellant's Br. at 14.)

The evidence presented at trial showed that Chee was frequently drunk and was actually intoxicated during the events leading to his conviction. There was no evidence indicating that Chee's mental state was impaired by his drinking during those events. Dawes, the victim, testified that "[h]e's all right when he's not drinking," but that "when he's drinking, we start arguing over our kids or anything, and then that's when he slaps me, punch[es] me." (4 R. at 91–92.) However, this statement does not indicate that as a result of voluntary intoxication Chee was mentally impaired to an extent sufficient to negate the existence of specific intent for maiming. Because the evidence submitted at trial did not support a voluntary intoxication jury instruction, the trial court could not have granted a request for the instruction. Consequently, Chee's counsel was not deficient in not asking for the instruction, and Chee was not prejudiced by his counsel's failure to request the instruction.

### III

■ The district court did not grant a COA on Chee's remaining four claims, yet he has briefed them on appeal. We decline to issue a COA on these four issues because Chee has not made a substantial showing of the denial of a constitutional right such that reasonable jurists could

debate whether the motion should be resolved in a different manner. *See Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). The merits of Chee's alleged trial court errors—failure to grant Chee's motion for judgment of acquittal on the maiming and bodily injury charges, and improper upward departure of six levels in sentencing Chee on all charges—were addressed by this Court on direct appeal. We held that there was sufficient evidence to support the convictions and thus refused to reverse the district court's denial of Chee's motion for judgment of acquittal. *Chee,* 173 F.3d at ——– ——. We also concluded that the sentencing enhancements were permissible. *Id.* at ——– ——. Because these issues were decided on direct appeal and Chee has not alleged an intervening change in the law of this Circuit, we will not consider them on § 2255 collateral review. *United States v. Prichard,* 875 F.2d 789, 791 (10th Cir.1989).

 Chee asks this Court to reexamine both the trial and appellate courts' rulings on his motion for judgment of acquittal on the assault resulting in serious bodily injury charge, stating that the trial court lacked jurisdiction and that failure to reconsider will result in a fundamental miscarriage of justice. The jurisdiction argument is based on a claim that there was insufficient evidence to establish that the event took place in Indian country as well as a claim that the event did not occur within the time period alleged in the indictment. We reject this argument because Chee stipulated at trial that the event took place in Indian country. (5 R. at 142.) Furthermore, the alleged discrepancy between the indictment and the evidence presented at trial did not deprive the district court of jurisdiction. As we decided in the direct appeal, "a discrepancy between the indictment and the facts

proven at trial . . . does not bar conviction where time is not an element of the offense and the facts charged in the indictment show that the offense falls within the relevant statute of limitations." *Chee,* 173 F.3d at ——. Additionally we concluded that the evidence was "sufficient to enable a reasonable jury to convict Chee of assault beyond a reasonable doubt." *Id.*

 These alleged trial court errors also form the basis of Chee's ineffective assistance of counsel claims. Because we concluded during Chee's direct appeal that he was not entitled to a judgment of acquittal and that his sentencing enhancements were permissible, he is unable to demonstrate that but for counsel's deficient performance there is a reasonable probability that the district court would have granted his motion for judgment of acquittal as required by *Strickland.* 466 U.S. at 694.

## IV

The judgment of the district court is **AFFIRMED.**