**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 29 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAYMOND HOWARD HICKMAN,

Defendant-Appellant.

Nos. 02-6274 & 02-6388
(D.C. No. CIV-98-896-R)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRISCOE** and **McKAY** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

We have consolidated these cases for purposes of disposition. In No. 02-6274, Mr. Hickman appeals from the district court's order denying his

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

motion to vacate, set aside or correct his sentence, brought pursuant to 28 U.S.C. § 2255. In No. 02-6388, he appeals from the district court's order denying his motion for discovery. We affirm the district court's orders.

**No. 02-6274**

The underlying facts are set forth at some length in Mr. Hickman's direct appeal, *see United States v. Ivy*, 83 F.3d 1266 (10th Cir. 1996), and we will not repeat them here. Mr. Hickman was convicted after a jury trial of three counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1); one count of distribution of cocaine to persons under twenty-one in violation of 21 U.S.C. § 859; and three counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). He presents two Sixth Amendment ineffective assistance of trial counsel claims. He contends that: (1) counsel failed to raise an adequate objection to the factual basis of the district court's sentencing determination that Mr. Hickman was responsible for twenty kilograms of crack cocaine; and (2) counsel failed to obtain the suppression of false testimony by witnesses against him concerning what the government knew about their involvement in the conspiracy when it entered into guilty pleas with them. We previously granted Mr. Hickman a certificate of appealability (COA) on these issues. In reviewing the denial of a § 2255 motion, we examine the district court's factual findings for clear error, and its legal conclusions de novo.

*United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir.), *cert. denied*, 537 U.S. 961 (2002).

Mr. Hickman presents a variety of arguments in opposition to the finding that he was responsible for twenty kilograms of crack cocaine. He contends that his attorney (1) improperly failed to attack Agent Hersley's false statements at sentencing concerning the quantity of crack cocaine distributed; (2) should have argued that witness Flora Ingram's statements about the amounts that she distributed with him were not credible, lacked corroboration, and only showed that he was responsible for three and one-half kilograms in any event; (3) should have used F.B.I. 302 statements from other witnesses to impeach Agent Hersley; and (4) should have argued that he could not be held liable for the full range of the charged conspiracy because he did not participate during the entire time frame of its operation.

In Mr. Hickman's direct appeal, he and other co-defendants presented similar challenges to the calculation of drug quantities allegedly involved in the conspiracy. Defendants Norwood and Traylor argued that the district court's drug quantity finding for the overall conspiracy relied on an estimate based on Agent Hersley's estimates and Flora Ingram's testimony that lacked "sufficient indicia of reliability to support its probable accuracy." *Ivy*, 83 F.3d at 1289 (quotation omitted). Mr. Hickman also argued that the district court erred in determining

that twenty kilograms of the estimated fifty kilograms distributed during the entire scope of the conspiracy could be personally attributed to him. *Id.* at 1291. We rejected each of these arguments, finding that in light of the trial evidence, the district court's findings were not clearly erroneous. *Id.* This court also accepted the district court's finding, which Mr. Hickman now challenges, that there were witnesses who testified that "twelve to fifteen individuals sold between one and three ounces of crack cocaine per week for three years." *Id.*

All but one of Mr. Hickman's challenges are foreclosed by our prior holdings in his direct appeal. Although Mr. Hickman attempts to re-cast the issues in the form of ineffective assistance claims, our decision against him on these issues in his direct appeal means that he cannot show that he was prejudiced by his attorney's failure to raise them at trial. We will not revisit those holdings from the prior appeal in this § 2255 proceeding. *See United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) (per curiam).

Mr. Hickman's only argument not foreclosed by the decision on his direct appeal is that his trial attorney unreasonably failed to impeach Agent Hersley's testimony with the witnesses' 302 statements. Our decision on his direct appeal was based on the evidence actually presented at sentencing. We did not have occasion to determine whether attempts to impeach Agent Hersley using the

302 statements would have been successful, therefore giving rise to an ineffective assistance of trial counsel claim.

We discern no reversible error in the district court's order denying Mr. Hickman's § 2255 petition, for two reasons. First, Mr. Hickman did not raise the 302 impeachment issue as part of his § 2255 motion. He mentioned it for the first time in his "motion for reconsideration," after the district court had denied his petition. R. doc. 790. The district court construed the motion for reconsideration as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), and denied the motion on the merits. *Id.* doc. 791, at 2.

Mr. Hickman did not amend his notice of appeal in this case to include an appeal from the order denying reconsideration. Instead, he filed a separate notice of appeal on October 17, 2002 from the denial of his motion for reconsideration. *Id.* doc. 803. That appeal, however, was procedurally terminated by this court. *See United States v. Hickman*, No. 02-6249 (10th Cir. Apr. 17, 2003) (unpublished). In light of this procedural history, the arguments about Mr. Hickman's attorney's failure to use the witnesses' 302 statements are not properly before us in this appeal. They belong to the prior, procedurally-terminated appeal.

Second, even if we were to consider Mr. Hickman's argument in this appeal, he fails to show prejudice from his attorney's failure to impeach Agent

Hersley with the 302 statements. Mr. Hickman was re-sentenced twice, in 1996 and 1997, under the United States Sentencing Guidelines then in effect. These guidelines provided, as they still do today, that *any* quantity of cocaine base equal to or over 1.5 kilograms results in a base offense level of 38. *See* USSG § 2D1.1 (1995). Our review of the record persuades us that even if Mr. Hickman's counsel had challenged Agent Hersley's testimony with the 302 statements, he would have been unable to persuade the district court that Mr. Hickman was responsible for less than 1.5 kilograms of cocaine base. Therefore, his base offense level would have been the same in any event, and he fails to demonstrate prejudice.

We turn to Mr. Hickman's claim that counsel failed to obtain suppression of false testimony. He argues that his counsel should have challenged Flora Ingram's testimony against him, and that of other witnesses who pled guilty, on the basis that the government knowingly understated in their plea agreements the amount of drugs attributable to them. Most of Mr. Hickman's argument on this issue is devoted to Ms. Ingram's plea agreement, which stated that the government was aware that she was responsible for the distribution of approximately five to twenty grams of cocaine base. Mr. Hickman contends that by the time Ms. Ingram signed the plea agreement, on September 28, 1993, the government knew that she was responsible for far more than this quantity.

He also argues that the government presented false testimony about when the plea agreement was reached.

As we explained in *Ivy*, § 1B1.8(a) protects statements made by witnesses during the course of *negotiation* of a plea agreement. *Id.* at 1283-84. Therefore, amounts disclosed during negotiations cannot be used against a witness in violation of her plea agreement. The record shows that although Ms. Ingram did not sign the plea agreement until September 28, 1993, her attorney negotiated the agreement on July 29, 1993. The issue of what the government knew, and when, was fully explored at trial, not only through Ms. Ingram's testimony, but also through the testimony of Mr. Lacy, her attorney. Mr. Hickman fails to show that better performance by his attorney would have overcome our previous determination that at the time of the plea negotiations, any evidence the government had concerning Ms. Ingram's involvement with additional drug quantities would have been insufficient to provide proof by a preponderance of the evidence. *Id.* at 1284.

Mr. Hickman further argues, citing former Fed. R. Crim. P. 11(e)(5) (2001), that the government and Ms. Ingram were required to disclose the existence of the plea agreement when she was arraigned. The fact that she did not do so, he argues, suggests that no such plea agreement was in existence by September 28, 1993. Although Ms. Ingram did not formally change her plea to

"guilty" until January 3, 1994, the record contains a copy of her plea agreement, which was signed on September 28, 1993. Mr. Hickman gives us no good reason to doubt the authenticity of this document, or the veracity of the trial testimony that Ms. Ingram's attorney reached an agreement in July 1993, which was memorialized in the September 28, 1993 agreement. Mr. Lacy, Ms. Ingram's counsel, testified that he conferred with federal agents on July 29, 1993, at which time it was agreed that Ms. Ingram would cooperate with the government and that her "relevant conduct" would be limited to the five-to-ten gram range. Trial Tr., Vol. IV at 757. Although the existence of the plea agreement should perhaps have been disclosed at the September 28, 1993 arraignment, failure of disclosure is not sufficient evidence that negotiations had not begun or that the plea agreement was not in existence to overcome the plain testimony at trial.

To the extent Mr. Hickman challenges his attorney's failure to exclude the testimony of other witnesses who entered into plea agreements with the government, a similar analysis applies, and leads to the same result. Finally, to the extent Mr. Hickman argues that Ms. Ingram wrongfully received "something of value" for her testimony in the form of leniency, this argument is foreclosed by our decision in *United States v. Singleton*, 165 F.3d 1297 (10th Cir. Jan. 8, 1999) (en banc). In sum, Mr. Hickman fails to establish prejudice sufficient to make

out a claim for violation of his Sixth Amendment right to effective assistance of counsel.

**No. 02-6388**

On October 25, 2002, two months after he filed his notice of appeal from the district court's order denying his § 2255 motion, Mr. Hickman moved in the district court for discovery pursuant to "Rule 6(a) Governing Habeas Corpus Case" [sic]. R. doc. 806. He sought documents relating to Ms. Ingram's arrests, preliminary hearing, arraignments, and entry of guilty plea, to support his argument that the government knew that she had distributed greater quantities than those disclosed in the plea agreement. The district court struck his motion as untimely.

Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts permits discovery with leave of the district judge, "in the exercise of his discretion and for good cause shown . . . but not otherwise." Mr. Hickman argues that he has shown good cause for the delay in filing his motion for discovery, because he could not have discovered the existence of the information he seeks until October 2002. He contends that the district court docket sheets available up until that time were missing pertinent dates relating to Ms. Ingram's plea agreement, pleas, etc. We note, however, that a docket sheet in the record on appeal attached to the preliminary record in Mr. Hickman's direct

appeal and dated April 12, 1994, contains the very information that Mr. Hickman claims was not available until October 2002. The district court did not abuse its discretion in denying the motion for discovery as untimely.

The judgments of the district court are AFFIRMED. All pending motions are denied. The mandate shall issue forthwith.

Entered for the Court


Monroe G. McKay
Circuit Judge