FILED
United States Court of Appeals
Tenth Circuit

December 23, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSEPH MILES DAVIS,

Defendant-Appellant.

No. 10-2197

(D.C. No. 1:09-CV-019036-LH-KB
and 1:06-CR-00344-LH-2)
(D. N. Mex.)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

---

Petitioner Joseph Miles Davis seeks a Certificate of Appealability (COA)

pursuant to 28 U.S.C. § 2253 in order to challenge the district court's denial of

his petition for a writ of habeas corpus. The district court determined that Davis

did not receive ineffective assistance of counsel and dismissed his petition.

Because Davis has not made the required showing for a COA to issue, his

application for a COA is denied.

I

Davis was convicted of conspiracy to distribute phencyclidine (PCP) in

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

violation of 21 U.S.C. § 846.  We affirmed his conviction in an unpublished order

and judgment.  United States v. Davis, 286 Fed. App'x 574 (10th Cir. 2008)

(unpublished).  Prior to trial, Davis moved to suppress certain evidence obtained

as a result of an encounter between Davis and police officers at the Los Angeles

International Airport.  We described the encounter as follows:

> On February 2, 2006, Detective Joe Anzallo, a member of the Los Angeles Police Department's drug interdiction squad, patrolled the baggage claim area of Los Angeles International Airport. With him was his partner, Detective Joe Alves. Although both officers had badges and firearms, these items were concealed under their clothing.
>
> While in the baggage area, the officers spotted Davis, who had just arrived on a flight from Las Vegas. Davis was standing in the baggage claim area adjusting his pants, which were partially down, with the fly open and the belt unfastened. Anzallo and Alves approached Davis and told him that he was not in trouble and not under arrest. They then asked him why he was adjusting his pants and inquired about his travel plans. After seeing that Davis had a black backpack on a chair nearby, Anzallo inquired if he was carrying a large amount of currency. Davis admitted that he had about $5,000 with him. The officers then asked if they could search Davis' bag. According to Anzallo, Davis said that would be "okay" and "go ahead"; according to Davis, he said only, "[is] that your job?" The entire conversation in the baggage area lasted less than four minutes.

Id. at 575.  Davis followed the officers to a security office across the street, where

they searched the backpack and found approximately $11,000 cash and an

itinerary indicating that Davis paid for a co-conspirator's travel.[1]  The district

---

[1] It was this itinerary that proved to be Davis's undoing.  His co-conspirator was later arrested after a field test revealed he was transporting PCP.

2

court found the officers' testimony credible and Davis's testimony that he did not consent to the search not credible, and denied the motion to suppress. A jury subsequently convicted Davis.

Davis obtained new counsel and appealed, and we affirmed his conviction. On appeal, Davis challenged the denial of his motion to suppress. He argued that "as a rule, airports are now such inherently coercive environments that even if Davis consented to police questioning and the subsequent search, he was legally incapable of doing so on account of his surroundings." Id. at 578. Davis also argued that the initial encounter with the officers was not supported by reasonable suspicion.

We noted that Davis had "arguably forfeited [the consent] argument by failing to raise it squarely before the district court." Id. Nonetheless, we considered it to the extent that it overlapped with the arguments that were presented to district court. We concluded that the circumstances of the encounter

> almost uniformly indicate a consensual encounter. . . . To the extent that Davis intimates that heightened security protocols intimidated him into consenting, this argument is particularly weak considering that Davis was not in a secure area of the airport but rather in the baggage claim area. It is true that officers did not explicitly advise Davis that he could walk away at any time, but they did plainly tell him that he was not under arrest.

Id. at 579. We further determined that Davis had waived the argument that the initial questioning was not supported by reasonable suspicion because trial counsel conceded that the questioning was consensual at the outset. Id. at 578

3

n.3.

## II

A petitioner must obtain a COA in order to appeal a district court's denial of a habeas petition.  28 U.S.C. § 2253.  A COA may be issued only upon a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a district court has rejected a petitioner's constitutional claim on the merits,[2] the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## III

Davis argues that his trial counsel was ineffective for failing to raise the "best" arguments at the suppression hearing, namely: that the post-9/11 airport environment is inherently coercive, so his consent to the search was not valid; and that the police lacked reasonable suspicion to begin questioning him in the first place.

In order to establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance

---

[2] The magistrate judge's report and recommendation, which was adopted by the district court, sets forth procedural and substantive grounds for dismissing Davis's petition.  Because we determine that Davis has not made the required showing regarding the denial of a constitutional right, we need not determine whether the district court dismissed Davis's petition on procedural or substantive grounds.

prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984). In reviewing the objective reasonableness of counsel's performance, we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." <u>Id.</u> at 689. To establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. A failure to prove either aspect of the test is dispositive. <u>United States v. Orange</u>, 447 F.3d 792, 797 (10th Cir. 2006).

Davis essentially argues that his trial counsel was ineffective because she failed to think of or advance a novel argument of questionable validity. Reasonable jurists would not conclude that or debate whether Davis's counsel's performance was deficient. The choice of one theory over another is "exactly the type of strategic decision the Supreme Court and this court have held is not ineffective assistance of counsel." <u>Young v. Sirmons</u>, 486 F.3d 655, 682 (10th Cir. 2007). On direct appeal, Davis acknowledged the novelty of the theory which he now contends that counsel was ineffective for failing to advance. He described "the effect of the post-9/11 security environment on the voluntariness of police encounters and baggage searches in airports" as "an issue of first impression in this Circuit and perhaps in any Circuit . . . ." <u>Davis</u>, 286 Fed. App'x at 578 (quoting Aplt. Reply Br. at 4). Trial counsel was not deficient for failing to contemplate, or choosing not to advance, this novel theory.

5

Further, Davis cannot show prejudice. We rejected the substance of Davis's post-9/11 argument on direct appeal. We will not re-visit the merits of Davis's argument even though it is now couched as an ineffective assistance of counsel claim. Cf. United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989) (per curiam) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255."). Although he insists that effective counsel would have further developed the factual basis for this theory, Davis has not described any evidence that could have been produced during the suppression hearing that would change our assessment. Further, the evidence that Davis would now offer to establish his fragile state of mind in the baggage claim conflicts with his testimony at the suppression hearing.[3] He previously testified, "I wasn't nervous at all. I was a little taken aback because how close they were standing to me, but I wasn't nervous." United States v. Davis, Case No. 06-CR-00344-LH (D.N.M.), Hr'g. Tr. at 181, Nov. 8, 2006. Davis has failed to show prejudice.

Davis also argues that counsel was ineffective because she conceded the initial questioning was consensual, thereby relieving the government of

---

[3] Further, some of the evidence Davis would offer is directly contradicted by the record, e.g., that the officers showed Davis their badges and that their guns were visible, Ptr. Br. at 21.

establishing reasonable suspicion. Although she agreed that Davis voluntarily answered the officers' initial few questions, trial counsel argued that the encounter became coercive before the officers asked to search Davis's backpack and she sought to suppress the fruits of the search on that basis. See id. at 196. The district court found that the initial questioning at the airport was not a detention and that the entire encounter was consensual. Id. at 214-15. Therefore, no showing of reasonable suspicion was required. See Florida v. Bostick, 501 U.S. 429, 431 (1991) ("[T]he Fourth Amendment permits police officers to approach individuals at random in airport lobbies and other public places to ask them questions and to request consent to search their luggage, so long as a reasonable person would understand that he or she could refuse to cooperate."). Reasonable jurists would not conclude that counsel's concession was either deficient or prejudicial.

Davis has not made the showing required for a COA to issue. Therefore, his request for a COA is DENIED and this matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Chief Judge