**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BOBBY JACK JENKINS,

    Defendant - Appellant.

No. 15-8007
(D.C. Nos. 2:14-CV-00214-NDF and
1:12-CR-00061-NDF-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

A jury convicted Bobby Jack Jenkins of two counts of making interstate communications with intent to injure. The district court sentenced him to 51 months in prison. This court affirmed his conviction. *United States v. Jenkins*, 540 F. App'x 893 (10th Cir. 2014) (unpublished). He then moved for habeas relief under 28 U.S.C. § 2255. The district court denied his motion and refused to grant a certificate of appealability ("COA").

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Jenkins, appearing without representation,[1] seeks a COA from this court to appeal the district court's ruling. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal an order denying a § 2255 petition).

On direct appeal, Mr. Jenkins argued the district court erred by (1) allowing him to act as co-counsel and (2) admitting his cell phone records into evidence.

In his § 2255 motion, he claims his Fourth and Eighth Amendment rights were violated because (1) law enforcement collected his cell phone records without a warrant and (2) the district court admitted the records into evidence. The district court denied § 2255 relief because (1) the warrantless collection claim could have been raised on appeal and was factually incorrect and (2) the improper admission claim was addressed on appeal and no change in the law had occurred since then. Both claims, the court concluded, were procedurally barred.

The district court correctly recognized that a § 2255 motion may not assert a claim when (1) it could have been raised on appeal, failure to do so was not the product of cause and prejudice, and no miscarriage of justice will occur if it is not addressed under § 2255, *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994); or (2) the defendant had a full and fair opportunity to present the claim on direct appeal and no intervening change in the law has occurred, *United States v. Prichard*, 875

---

[1] Because Mr. Jenkins is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

F.2d 789, 790 (10th Cir. 1989). The district court reviewed the history of this case and determined that Mr. Jenkins cannot overcome these procedural bars.

Where, as here, the district court dismissed the § 2255 motion on procedural grounds, we will grant a COA only if the movant can demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Jenkins has not done so. His brief fails to address the claims in his § 2255 motion or the district court's analysis.[2] Exercising jurisdiction under 28 U.S.C. § 1291, we therefore deny his request for a COA and dismiss this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

---

[2] To the extent his brief refers to his prosecution, it briefly mentions "Fourth Amendment's search with-out a warrant of cell phone and cell towers origination," Aplt. Br. at 5, the "government produced no-evidence that he actually intended the cell phone threats or to cause fear," *id*., and "at my trial I had in effective assi[s]tance of counsel," *id.* at 7. Only the first reference concerns any claim raised in his § 2255 motion, and it does not begin to show the district court was wrong about the procedural bar. Most of Mr. Jenkins's brief refers to matters that are extraneous to his prosecution—e.g., "Intel agent woman," "N.S.A.," "C.I.A.," "Taylor Swift/Miley C[y]rus," and a claim against the U.S. government for "hate crimes." *See* Aplt. Br. at 6-10.