**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 2, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

v.

LEONARDO LAMAR PARKS,

    Defendant – Appellant.

No. 15-6070
(D.C. Nos. 5:14-CV-00909-R and
5:13-CR-00045-R-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

Petitioner Leonardo Lamar Parks is serving a 115-month federal prison term for a credit union robbery. Appearing pro se,[1] he seeks a certificate of appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal an order denying a § 2255 petition). Mr. Parks also requests leave to proceed *in forma*

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Parks is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

*pauperis* ("*ifp*"). Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

## I. BACKGROUND

On March 29, 2013, in the United States District Court for the Western District of Oklahoma, Mr. Parks agreed to plead guilty to the charge of robbing a credit union in violation of 18 U.S.C. § 2113(a). He additionally agreed to cooperate with the Government and commit no further crimes. In exchange for Mr. Parks's plea, the Government agreed to dismiss any charges involving his participation in a separate bank robbery. The plea agreement stated sentencing was "within the sole discretion of the Court." Doc. 18 at 9.[2] The Government reserved sole discretion to determine whether it would move "for downward departure from the advisory guideline range [for substantial assistance] under § 5K1.1 of the [United States] Sentencing Guidelines [("U.S.S.G.")]." Doc. 18 at 10.

During the Fed. R. Crim. P. 11 colloquy at the plea hearing, Mr. Parks said he understood his sentence was "solely a matter within control of the judge." Plea Hr'g Tr. at 7. The district court did not mention U.S.S.G. § 5K1.1 at any time during the plea hearing. It accepted Mr. Parks's guilty plea for the robbery of a credit union.

At the sentencing hearing, defense counsel argued that Mr. Parks's sentence should be only one-third of the 92-to-115 month advisory Guidelines range. He told the

---

[2] The record on appeal does not contain all of the documents necessary for us to review his request for a COA. We therefore exercise our discretion to go beyond the record on appeal and review documents from the district court's docket and Mr. Parks's direct appeal, as necessary. *See United States v. Williams*, 511 F.3d 1044, 1044 n.1 (10th Cir. 2007).

court Mr. Parks had apologized and cooperated, but the Government had chosen not to pursue the case further, even with Mr. Parks's assistance. Defense counsel also stated Mr. Parks had too many personal and mental health issues for such a long sentence. He then deferred to Mr. Parks, who read a personal statement for the majority of the hearing. At the end of the hearing, "[b]ecause of [Mr. Parks's] extensive criminal background and for the protection of society," the district court sentenced him to 115 months in prison to be followed by three years of supervised release. Sentencing Hr. Tr. at 14.

In his plea agreement, Mr. Parks "knowingly and voluntarily waive[d] his right" to "[a]ppeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction" and his right to "[a]ppeal [or] collaterally challenge . . . his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case." Doc. 18 at 5-6.

On August 26, 2013, Mr. Parks filed a notice of appeal. The Government responded with a motion to enforce the appeal waiver in the plea agreement. Mr. Parks moved to dismiss his appeal, which this court granted on October 21, 2013.

On August 25, 2014, Mr. Parks filed his motion under 28 U.S.C. § 2255 for habeas relief. The Government did not move to enforce the waiver of his right to seek collateral relief. The district court denied § 2255 relief on April 14, 2015. On April 20, 2015, the court denied Mr. Parks's request for a COA and to proceed *ifp*. He now makes the same requests of this court.

## II.    DISCUSSION

To obtain a COA, Mr. Parks must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

On June 1, 2015, Mr. Parks filed a Combined Opening Brief and Application for a Certificate of Appealability.[3]  On June 25, 2015, he filed an Addendum.  Mr. Parks lists seven issues in his brief.  As to each, no reasonable jurist could debate the district court's denial of habeas relief, and therefore no COA is warranted.  Most of Mr. Parks's claims are cast as ineffective assistance of counsel claims.  As to those claims, Mr. Parks must show both that his "counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984).  He has not done so.

1. Criminal history points. Aplt. Br. at 3, Addendum at 6-7.  Mr. Parks argues the district court should have calculated his criminal history points as 13 rather than 16 because it incorrectly added six points for two state convictions when it should have added only three due to the convictions' arising from the same arrest.  Apart from the fact

---

[3] Counsel for the Government has entered an appearance in this appeal, but, as in the district court, the Government has not moved to enforce the waiver of collateral challenge in the plea agreement, nor has the Government filed any response to Mr. Parks's Combined Opening Brief and Application for a Certificate of Appealability.

he should have pursued this issue on direct appeal,[4] his failure here to show a constitutional violation precludes a COA under 28 U.S.C. § 2253(c)(2). And as the district court correctly explained, his criminal history category would have been the same—VI—with either 13 or 16 criminal history points, so any error in calculating the points would have been harmless.

2. <u>Judge and defense attorney recusal</u>. Aplt. Br. at 3. Mr. Parks argues the district judge and his defense counsel should have recused themselves because (1) the latter told Mr. Parks on the morning of sentencing that the judge had just been reversed in another case and would not be in a "good mood" and (2) the attorney also that morning had predicted the sentence Mr. Parks eventually received, which was more than the attorney had predicted previously. Mr. Parks has shown no basis to recuse either the judge or his attorney from his sentencing, much less a constitutional error. To the extent he is trying to make an ineffective assistance of counsel claim, he has not shown deficient performance under *Strickland*. This issue is otherwise improperly raised in a § 2255 motion. *See supra* note 4.

---

[4] A § 2255 motion may not assert a claim when (1) it could have been raised on direct appeal, failure to do so was not the product of cause and prejudice, and no miscarriage of justice will occur if it is not addressed under § 2255, *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994); or (2) the defendant had a full and fair opportunity to present the claim on direct appeal and no intervening change in the law has occurred, *United States v. Prichard*, 875 F.2d 789, 790 (10th Cir. 1989). Mr. Parks has not made either of these showings as to his claims that do not allege ineffective assistance of counsel. On the other hand, his claims for ineffective assistance generally must be brought under § 2255 rather than direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).

3. <u>Substantial assistance</u>. Aplt. Br. at 4, Addendum at 3-5. Mr. Parks appears to argue his counsel was ineffective because the Government did not move for a substantial assistance reduction under U.S.S.G. § 5K1.1.[5] As noted above, nothing in the plea agreement required the Government to make such a motion. Even if Mr. Parks is correct that he qualified for § 5K1.1 consideration and that the prosecution should have asked for it, he has not shown how his failure to receive it was the product of deficient performance from his counsel.

4. <u>Pressure to plead guilty</u>. Aplt. Br. at 4. Mr. Parks accuses his counsel of pressuring him to plead guilty by telling him his sentence would be 37 to 57 months. Although the court sentenced him to 115 months, he does not show his counsel did anything other than make a good faith but inaccurate sentencing prediction. Also, there was no agreement between Mr. Parks and the Government about a particular sentence in return for his guilty plea. Both the plea agreement and the plea colloquy clearly indicated the sentence was solely for the court to decide. At the sentencing hearing, his counsel argued for a lower sentence. Finally, as the district court explained, Mr. Parks does not seek to withdraw his plea and therefore does not show how any pressure to plead guilty affected the court's determination of his sentence.[6] Accordingly, he has not satisfied either the deficient performance or prejudice elements of *Strickland*.

---

[5] If Mr. Parks is arguing prosecution or court error regarding a § 5K1.1 motion independent of his ineffective assistance claim, such an argument is procedurally barred. *See supra* note 4.

[6] In an Addendum to his § 2255 motion filed in district court, Mr. Parks said that he "in no form, nor fashion elects to withdraw his plea." ROA, Vol. 1 at 68.

5. <u>Access to law library</u>. Aplt. Br. at 4. Mr. Parks continues to press his access-to-law-library claim, which, as the district court correctly pointed out, is not cognizable under § 2255. *See supra* note 4. It therefore does not qualify for a COA.

6. <u>Total offense level</u>. Aplt. Br. at 4B, Addendum at 1-2. Mr. Parks fails to show how the district court's calculation of his total offense level is wrong. We agree with the district court's analysis and also note this issue should have been raised on direct appeal, *see supra* note 4, unless it is an ineffective assistance of counsel claim, in which case Mr. Parks has failed to show shortcomings in his counsel's performance.

7. <u>A better deal</u>. Aplt. Br. at 4B. Mr. Parks thinks his attorney should have negotiated a better deal and/or urged the district court to impose a lower sentence. He fails, however, to show how his attorney may have been inadequate as a negotiator or advocate. Indeed, his attorney did argue for a lower sentence. Mr. Parks's disappointment and frustration about his sentence are not enough to meet the *Strickland* standards.

### III. CONCLUSION

Reasonable jurists could not debate the district court's denial of Mr. Parks's habeas petition on any of the issues on which he seeks a COA here. We therefore deny

7

his request for a COA.  We also deny his request for *ifp* status and dismiss this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge