FILED
United States Court of Appeals
Tenth Circuit

March 29, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RECO D. MANNING,

    Defendant - Appellee.

No. 17-5127
(D.C. Nos. 4:17-CV-00109-GKF-FHM and
4:13-CR-00206-GKF-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Reco Manning, a federal prisoner appearing pro se, seeks a certificate of

appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255

motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2253(c)(1)(B)

(requiring a COA to appeal an order denying a § 2255 motion). Exercising

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction under 28 U.S.C. § 1291, we deny the COA request and dismiss this matter.[1]

## I. BACKGROUND

In 2013, police obtained a warrant to search Mr. Manning's house based on information from a confidential source. *United States v. Manning*, 635 F. App'x 404, 405-06 (10th Cir. 2015) (unpublished). In the house, police found a gun, ammunition, heroin, methamphetamine, and other materials related to the drug trade. A jury found Mr. Manning guilty of (1) being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), (2) possessing heroin with intent to distribute in violation of 21 U.S.C. 841(a)(1), and (3) possessing methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Mr. Manning's Presentence Investigation Report ("PSR") recommended that he be sentenced as a career offender under United States Sentencing Guideline ("U.S.S.G") § 4B1.1 based on three previous convictions in Arkansas.

Mr. Manning appealed to this court. He argued that the search warrant lacked probable cause and that the district court committed sentencing errors, including considering his Arkansas second-degree battery conviction a "crime of violence" under § 4B1.1(a). We affirmed the district court on all issues. *Manning*, 635 F.

---

[1]Because Mr. Manning appears pro se, we afford his filings a liberal construction, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but we do not craft arguments or otherwise advocate for him, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

App'x at 411.  The Supreme Court denied certiorari.  *Manning v. United States*, 136 S. Ct. 1220 (2016).

Mr. Manning filed this timely 28 U.S.C. § 2255 motion, contending that (1) both his trial and appellate counsel were ineffective, (2) his due process rights were violated because the district court determined the source of information to support the search warrant was a "tipster" rather than an "informant," (3) the statute under which he was sentenced for the drug convictions was ambiguous and therefore the district court had no jurisdiction, and (4) the enhancement of his sentence under § 4B1.1 violated his right to due process.  The district court denied relief and also denied a COA.

## II.  **DISCUSSION**

### A.  *Legal Background*

Mr. Manning may not appeal the district court's denial of his § 2255 application without a COA.  28 U.S.C. § 2253(c)(1)(B); *see United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010).  To obtain a COA, he must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

When, as happened here on two of Mr. Manning's § 2255 claims, a district court dismisses a claim in a § 2255 motion on procedural grounds, we will issue a

COA only if the movant shows it is "debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

A § 2255 movant may not pursue a claim when (1) the movant had a full and fair opportunity to present the claim on direct appeal and no intervening change in the law has occurred, *United States v. Prichard*, 875 F.2d 789, 790 (10th Cir. 1989); or (2) the claim could have been raised on appeal, failure to do so was not the product of cause and prejudice, and no miscarriage of justice will occur if it is not addressed under § 2255, *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994).

## B. *Analysis*

We deny Mr. Manning's request for COA. He has not shown that reasonable jurists could debate the district court's denial of his claims for (1) ineffective assistance of counsel, (2) ambiguity of the statute he was sentenced under for the two drug convictions, or (3) application of the career-offender enhancement to his sentence.[2]

---

[2] Mr. Manning has not appealed the district court's denial of his claim that the court's "tipster" characterization of the source for the warrant violated his due process rights.

1. **Ineffective Assistance of Counsel**

In his § 2255 motion, Mr. Manning alleged ineffective assistance regarding both his trial and appellate counsel.

To establish ineffective assistance of counsel, a movant must show (1) constitutionally deficient performance by his counsel that (2) resulted in prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). If the movant is unable to show either "deficient performance" or "sufficient prejudice," the ineffective assistance claim "necessarily fails." *Hooks v. Workman*, 606 F.3d 715, 724 (10th Cir. 2010).

   a. *Trial counsel*

Mr. Manning argued his trial counsel failed to seek an in camera hearing to establish the identity of the source of the information for the warrant. But, as the district court noted, trial counsel moved to compel disclosure of the source's identity, albeit without success. Accordingly, Mr. Manning has not shown counsel's performance was deficient.

   b. *Appellate counsel*

Mr. Manning argued his appellate counsel was ineffective by failing to (1) complain on direct appeal that the district court characterized the alleged confidential informant as being only a tipster, and (2) challenge the enhancement of Mr. Manning's sentence under the career offender provision in U.S.S.G. § 4B1.1. Even if

5

counsel should have raised these arguments, Mr. Manning has not shown a reasonable probability that raising them would have altered the result of his appeal.

First, Mr. Manning has not provided legal authority or any other basis to show that the district court's "tipster" characterization was improper. As the district court explained, "[t]he court's use of the term 'tipster' did not reflect an assessment of the informant's reliability, and had no bearing on the probable cause provided by the affidavit." ROA, Vol. 1 at 114.

Second, this court rejected Mr. Manning's sentencing argument on direct appeal. Although Mr. Manning's appellate counsel did not raise the career-offender enhancement, we allowed Mr. Manning to file a pro se supplemental brief to challenge the enhancement. *Manning*, 635 F. App'x at 408-09. We considered his arguments under a plain-error standard[3] and determined that the district court did not plainly err by enhancing his sentence under U.S.S.G. § 4B1.1. *Manning*, 635 F. App'x at 409-10.

Mr. Manning has failed to make a substantial showing of the denial of a constitutional right, reasonable jurists could not debate otherwise, and we therefore deny a COA on this issue.

2. **Ambiguity of Statute**

Mr. Manning alleged in his § 2255 motion that the district court lacked jurisdiction to sentence him under 21 U.S.C. § 841(b)(1)(C) because the statute is

_____

[3] Mr. Manning has not alleged an ineffective assistance claim for his trial counsel's failure to object to the career-offender enhancement.

6

ambiguous. The district court correctly concluded, however, that Mr. Manning is procedurally barred from raising this argument because he could have raised it on direct appeal and has not shown cause, prejudice, or miscarriage of justice to excuse this procedural default.[4] In his brief to this court, Mr. Manning has said only that "the issue should have been resolved in the first instance by the district [court]." Aplt. Br. at 4. His brief does not explain why this claim should not be barred, reasonable jurists could not debate the denial of this claim, and we therefore deny his request for a COA on this issue.

3. **Sentence Enhancement under Guidelines § 4B1.1**

Mr. Manning argues that his sentence was improperly enhanced under U.S.S.G. § 4B1.1. This argument is procedurally barred because we rejected it in his direct appeal, *see Manning*, 635 F. App'x at 409-410. We generally "refuse to reconsider arguments presented in a § 2255 motion that were raised and adjudicated on direct appeal." *United States v. Trent*, __ F.3d __, 2018 WL 1178332, at *7 (10th Cir. 2018) (quotations omitted). Mr. Manning relies on *Mathis v. United States*, 136 S. Ct. 2243 (2016), as new intervening law since we decided his appeal, but, as we held in *Trent*, *Mathis* is consistent with earlier cases and does not provide an "intervening change in the law" that would allow us to revisit our decision in Mr. Manning's direct appeal. *See Trent*, 2018 WL 1178332 at *8.

---

[4] Mr. Manning raised this argument for the first time in his "Motion to Recall Mandate" filed in this court after the decision in his direct appeal, which was too late to raise the issue on direct appeal.

7

## III. **CONCLUSION**

For the foregoing reasons, Mr. Manning has not demonstrated that reasonable jurists could debate the correctness of the district court's denial of relief under § 2255. We therefore deny a COA and dismiss this matter.


Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge