FILED
United States Court of Appeals
Tenth Circuit

July 13, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KEFELEGNE ALEMU WORKU, a/k/a
Habteab Berhe Temanu, a/k/a Habteab B.
Temanu, a/k/a TUFA, a/k/a Kefelgn
Alemu,

    Defendant - Appellant.

No. 17-1389
(D.C. Nos. 1:17-CV-00497-JLK and
1:12-CR-00346-JLK-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

Defendant Kefelegne Alemu Worku was convicted of (1) unlawful procurement of

citizenship in violation of 18 U.S.C. § 1425(a) and (b); (2) aggravated identity theft in

violation of 18 U.S.C. § 1028A(a)(1); and (3) fraud and misuse of immigration

documents in violation of 18 U.S.C. § 1546(a). Based on evidence presented at trial and

at sentencing, the district court found that he had committed these crimes to conceal his

identity and escape punishment for his participation in the crimes of torture and murder in

Ethiopia in the 1970s. The district court sentenced him to the statutory maximum

sentence on each count, for a total sentence of twenty-two years of imprisonment. In his

direct appeal, Defendant argued that (1) his conviction on the first and third counts

violated the Double Jeopardy Clause; (2) he could not be convicted of aggravated identity theft because he had permission to use the identity he assumed; (3) the sentence was procedurally unreasonable because (a) there was no evidence that his motivation for committing these immigration offenses was to conceal his involvement in torture and murder, and (b) the photo line-up that was shown to various torture victims was unduly suggestive, making the resulting eyewitness identifications unreliable; and (4) the twenty-two-year sentence was not substantively reasonable. We held that none of these arguments established reversible error, and we accordingly affirmed Defendant's conviction and sentence. *United States v. Worku*, 800 F.3d 1195 (10th Cir. 2015).

Defendant then filed the instant motion under 28 U.S.C. § 2255, in which he argued: (1) our rejection of his double jeopardy argument was itself a violation of due process, so the district court ought to correct our mistake by holding that his convictions did indeed violate double jeopardy; (2) our rejection of his argument about the allegedly suggestive photo line-up caused another due process violation; and (3) defense counsel was ineffective in several ways, including his failure to raise a double jeopardy objection to the jury instructions and his failure to move to recuse the trial judge. The district court held that Defendant had not shown an intervening change of law that would permit a § 2255 challenge to our prior opinion and that Defendant had not shown counsel was ineffective and/or the alleged instances of ineffectiveness resulted in prejudice. The court thus denied his § 2255 motion.

Defendant now seeks a certificate of appealability to appeal the denial of his § 2255 motion. Specifically, he argues that we erred in rejecting his double jeopardy

2

argument in the previous appeal, that the trial judge was unfairly prejudiced against him based mainly on his "extrajudicial" knowledge that Defendant had been convicted *in absentia* by an Ethiopian court of murdering more than one hundred people during the Red Terror in Ethiopia, and that counsel was ineffective for failing to object to the jury instructions on double jeopardy grounds or to move for recusal of the trial judge.

We have thoroughly reviewed Defendant's brief, the record on appeal, and the relevant cases. We are persuaded that reasonable jurists would not debate the correctness of the district court's denial of Defendant's § 2255 motion. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the district court correctly held, Defendant has not shown any applicable exception to our long-established rule that "issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255. *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). Our holding that Defendant's double jeopardy rights were not violated remains binding law of the case. Nor has Defendant shown valid grounds for defense counsel to request recusal of the trial judge. The trial judge's knowledge of Defendant's Ethiopian murder conviction was not extrajudicial, but was based on the prosecution's introduction of this evidence at sentencing to support its argument that a lengthy sentence was warranted because Defendant committed immigration fraud in an attempt to escape punishment for his past war crimes. *See United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."). The record does not show any impermissible bias or

3

prejudice on the part of the trial judge.  For these reasons and substantially the same reasons given by the district court, Defendant has not demonstrated ineffective assistance of counsel or other grounds for § 2255 relief.

We therefore **DENY** Defendant's request for a certificate of appealability and **DISMISS** the appeal.  Defendant's motion to proceed *in forma pauperis* on appeal is granted.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge